George H. Neidlinger, Respondent, *v.* Onward Construction
Company, Appellant.

*Arbitration provided for in a building contract — when the certificate of an arbi-*
*trator is final — when the matter submitted to arbitration may be litigated in the*
*courts — the arbitrator need not take evidence — when an award is severable — it*
*must be certain — when a certificate is such as not to prevent the contractor from*
*recovering the balance due under his contract — the owner must secure a certificate*
*as to any deduction therefrom — effect of the failure of an owner to demand a*
*submission to arbitrators where an architect's award is unsatisfactory.*

Where the parties to a contract have by the terms thereof selected an arbitrator
who is to determine certain questions that may arise during the performance
of the contract and upon whose certificate payments are to be made, and whose
determination is to be binding upon the parties, such arbitrator's determina-
tion is a condition precedent to the right of either party to recover on the con-
tract, and, in the absence of fraud or palpable mistake, his certificate is final.

The award of an arbitrator cannot be set aside for mere error of judgment as to
the law or facts of the case submitted to him.   His award is unassailable if in
making it he keeps within his jurisdiction and is not guilty of fraud, corrup-
tion or other misconduct affecting it.

If the arbitrator makes no determination or gives no certificate concerning a
matter left to his determination, such matter cannot be litigated in the courts
unless the absence of a determination or of a certificate is attributable to the
unreasonableness or fraud of the arbitrator.

Where by the terms of a building contract the owner's architect is made the
arbitrator to determine whether or not the contract has been completed, it is
not the duty of the architect, in reaching a determination upon that subject,
to take the evidence of witnesses.

Where an award or certificate by the architect is severable and a part of it is
void, if such part is not so connected with the other parts of the certificate as
to affect the justice of the case, the award is void only *pro tanto.*

An award must be certain in order to be valid.

*Quære,* whether an award made by the architect declaring that the contractor "is
entitled to the final payment, amounting to $20,422.17, subject to such deduc-
tion for allowances for work omitted at the rates, as provided for in the con-
tract, still to be submitted by the owner, as may be approved by me as archi-
tect," is insufficient because it does not determine a certain amount to be due,
but leaves something for future determination, considered.

Assuming such an award to be insufficient, its insufficiency will not operate to
prevent the contractor from recovering the balance due upon the contract,
where it appears that the certificate in question was the only one which the
architect would give to the contractor, that the owner's failure to submit his
claim to the architect caused the defect therein, and that the owner's discharge of
the architect prevented him from further acting and granting a proper certificate.

Any deduction for omitted work is in the nature of an offset or counterclaim to be deducted from the contract price, and the duty of obtaining a certificate from the architect as to the amount of such deduction rests upon the owner, and if the owner inexcusably neglects to procure such certificate he is not entitled to any deduction for omitted work.

A provision in the contract that, if either party should be dissatisfied with the determination of the architect, the matter should be submitted to arbitrators, does not constitute a defense to an action by the contractor against the owner to recover the balance of the contract price, where the owner made no demand or request for the appointment of arbitrators until during the trial of the action.

APPEAL by the defendant, the Onward Construction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of August, 1904, upon the decision of the court rendered after a trial at the Kings County Trial Term, a jury having been waived, and also from an order entered in said clerk's office on the 6th day of August, 1904, granting the plaintiff an extra allowance.

The plaintiff is the assignee of the Vinton Company, a corporation which, pursuant to the contract discussed in the opinion, had performed and furnished certain work, labor and materials in the construction of a building owned by the defendant.

*Ernest Hall* [*John C. Fisher*, *Hiram R. Fisher*, *Albert H. Gleason* and *Henry C. White* with him on the brief], for the appellant.

*Frank Harvey Field* [*R. Percy Chittenden* with him on the brief], for the respondent.

Judgment and order granting extra allowance affirmed, with costs, upon the opinion of HERRICK, J., at Special Term.

HIRSCHBERG, P. J., BARTLETT, RICH and MILLER, JJ., concurred.

The following is the opinion of HERRICK, J.:

HERRICK, J.:

This case turns upon the sufficiency and effect of an architect's certificate and the circumstances under which it was given.

"It is now too well settled in this State to be questioned that where the parties have selected an arbitrator who is to determine the questions that arise during the performance of the contract, and

upon whose certificate the payments are to be made, and it is provided in the contract that the determination of such arbitrator is to be binding upon them, his determination is a condition precedent to the right of either party to recover under the contract, and that, in the absence of fraud or palpable mistake, his certificate is final." (*Del Genovese* v. *Third Ave. R. R. Co.*, 13 App. Div. 412.)

" A valid award or estimate operates as a final and conclusive judgment, and however disappointing it may be, the parties must abide by it. * * * It is well settled that while an award may be set aside for a palpable mistake of fact in the nature of a clerical error, such as a miscalculation of figures, still in general such mistake to be available must appear on the face of the award or in some paper delivered with it. * * * In the absence of proof of corruption, bad faith or misconduct on his part or palpable mistake appearing on the face of the estimate, neither party can be allowed to prove that he decided wrong as to the law or facts." (*Sweet* v. *Morrison*, 116 N. Y. 19.)

" The award of an arbitrator cannot be set aside for mere error of judgment as to the law or facts of the case submitted to him. If, in making his award, he keeps it within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, then his award is unassailable." (*Masury* v. *Whiton*, 111 N. Y. 679.)

" The conclusiveness of awards is based upon the principle that the parties having chosen judges of their own and agreed to abide by their decision, they are bound by their agreement and compelled to perform the award." (*Matter of Wilkins*, 169 N. Y. 494, 499.)

By the provisions of the contract in this case the architect of the defendant was made the arbitrator between the parties subject to an appeal to three arbitrators in the manner provided for in the contract.

The contract here provides for the giving of a final certificate by the architect.

It provides that no alteration shall be made in the work called for by the contract and specifications, except by the written order of the owner, and when so made the value of the work added or omitted shall be computed by the architect and added to or deducted from the contract price.

There is also a provision in the contract that the owner shall pay any damage to the contractor caused by the owner delaying the

material progress of the work, and that the contractor shall pay any damage that the owner shall suffer because of any delay to the material progress of the work caused by the contractor, and that the amount of such damage suffered, by either party, shall in every case be fixed and determined by the architect.

There are also provisions as to the appointment of arbitrators when either party is dissatisfied with the determination of the architect upon any of these matters.

As to the determination of the architect of the value of added or omitted work which shall be added to or deducted from the contract price, the value of such work necessarily has to be passed upon separately, and a separate certificate of determination is proper, although not perhaps necessary. In the event of a separate certificate being made, then another would be made of the balance due upon the contract as such, and the amount of the one added to or deducted from the other. Or there may be a determination and certificate of the balance due upon the contract, which shall, in fact, include the value of the work added to or omitted from the contract price, although not separately stated as such in the determination and certificate. So also as to the damages caused by the delay, either of the contractor or of the owner, it is obvious that there may be a separate determination and certificate as to each of them, or there may be a certificate of determination which simply sets forth the balance due to either on account of such damages.

A certificate upon any one of these subjects, upon which the architect is empowered to pass, is final unless appealed from to arbitrators, as provided for in the contract.

If there has been no determination made, or certificate given, upon or for any matter left to his determination, then as to such matters the parties should be precluded from litigating them here; they have by their contract agreed upon the court to pass upon such matters, and unless it has unreasonably or corruptly passed upon or refused to pass upon them they are not excused for the non-production of its certificate of determination.

If there has been no determination made or certificate given upon any matter left to the determination of the court agreed upon, then, unless that lack of determination or furnishing of a certificate

thereof is attributable to the unreasonableness or fraud of such court, such matter should not be passed upon here.

In this case the certificate of the architect embodied a determination of three things, all of which he was empowered to determine by the contract.

*First.* The fact that the contract was completed.

*Second.* The amount due upon the contract, not determining or certifying, however, the value of added or omitted work caused by alterations to the contract.

*Third.* The damages suffered by the plaintiff because of delays caused by the defendant.

The schedule of damages affixed to the certificate shows that this was made up entirely and exclusively of the plaintiff's damages, no deduction being made therefrom of damages suffered by the defendant caused by the plaintiff's action.

The owner seeks to impeach the validity of this certificate in all particulars, because, as he says, he was not heard upon these questions, and that the architect passed upon them without considering his claims; that he had a large number of men at work going through the building, making an examination of the work done, and that they had not completed that examination at the time the architect gave his certificate.

While not necessary, it is perhaps well to consider briefly the justice of these complaints. The contract requires that payment shall be made thirty days after the completion of the contract.

The specifications which are made a part of the contract provide that when the work is completed the contractor shall notify the owner or its agent that he is ready to receive a settlement, so that if it has any bills to file or statements to make it can do so before the architect makes his final certificate.

On the 7th of February, 1903, the contractor notified the owner that it was "ready to receive a settlement so that you can file any bills or statements which you have to make with the architect at once." This request was repeated in letters dated March twenty-eighth and April sixth, thirteenth and twenty-seventh. And although the architect certified that the contract was completed February twenty-eighth, he did not grant his certificate thereof until May sixth.

The owner apparently expected to make use of the persons who were in its employ investigating the work and materials that had been done and provided in the building, as witnesses before the architect as to the completion of the contract, and complains that the certificate was given before it had completed its examination.

In reaching a determination as to whether the contract had been completed, it was not the duty of the architect to take the evidence of witnesses. (*Sweet* v. *Morrison*, 116 N. Y. 19, 30, 31.)

His skill and experience as an architect had been relied upon by both parties to the contract to determine whether it had been fully and properly performed. The contract made his decision final as to the quality of any material or labor furnished by the contractor; and also provided that the work under the contract should be done under his direction and to his satisfaction.

He was the architect in charge of the work and visited it daily, and knew whether it had been completed according to the contract, and I can see no necessity for the delay from February seventh, when the contractor claimed it had completed it, or from February twenty-eighth, when the architect says it completed it, until May sixth, when the architect issued his certificate.

As to the amount due I can see no reason for delay. The contract prices under the several contracts were set forth in the recapitulation contained in the contract of May fifth; the amount of payments made was readily ascertainable. The only thing remaining was the value of added or omitted work, caused by alterations in the contract. For any such alterations there must have been a written order. They were matters of record, and it was the duty of the architect to compute the value. This did not require any assistance from the defendant, or require the labor of a corps of investigators or examiners for weeks and months to ascertain the facts in order that they might be presented to the architect.

The character of the investigation which was being made by the owner and which it complains it had not time to complete before the certificate was given, should perhaps be adverted to.

The letters and oral evidence of Mr. Stokes, the real owner in this case, who was the treasurer and manager of the owner, show that he was making a very minute examination of the work done and the materials supplied by the Vinton Company, but not

as to work added or omitted because of alterations made in the contract, or of the damage caused by delay.

As to the character of the work done and the materials furnished, I have already discussed the question as to who was to determine that and how; also the question of additional or omitted work.

As to the claim of the Vinton Company for damages for delay as provided for in the contract, neither the oral testimony of Mr. Stokes nor the documentary evidence in the case shows that he was making any effort to investigate that matter and prepare a statement in that respect.

The contractor had filed an itemized claim for damages with the architect in February, 1903; the owner had undoubtedly seen it, and taken legal advice upon it, and had apparently determined to disregard the authority of the architect to pass upon that question.

A flood of light is thrown upon the position of the owner and upon its investigations and efforts to ascertain the amount of its claims by the letter of Mr. Stokes to Mr. Duboy, the architect, May fifth, being the day before the architect gave his certificate.

That letter, among other things, shows that the architect had been furnished by the contractor with its estimate of what allowances the owner was entitled to, and that from that the architect and his assistant made calculations which the architect then had. The letter also shows that the owner, instead of intending to rely upon the determination of the architect, or make any claim before him as to the amount of damages, if any, that the contractor was entitled to because of delays, had already taken legal advice as to its liability, and had been advised that no damages could be recovered.

To sum it all up, the owner seems to have been investigating only those matters which were peculiarly within the knowledge of its architect, and as to which his decision was final, and upon which he was necessarily passing judgment from day to day as the work progressed; and of the question that did not require expert knowledge to pass upon, that of damages for delay, it was making no investigation, no claim, relying not upon the agreed arbitrator, but upon legal advice that nothing could be recovered from it in that behalf.

It seems to me, therefore, that the complaint of the owner that it had not time to prepare its case for the architect, and that it was not heard by him, is unfounded and unreasonable. The architect

represented the owner and was its agent, and had knowledge of all the facts as to which the owner claims it desired to inform him. I think that the delay, both of the owner and the architect, was unreasonable.

As to the certificate itself, its sufficiency is challenged by the defendant.

The certificate of the architect was to three things, each one capable of being separated from the other, and, as before stated, each of those three things were matters upon which he was authorized by the contract to pass :

*First.* He certifies to the fact that the contract was completed February 28, 1903.

*Second.* That the " Vinton Company is entitled to the final payment, amounting to $20,422.17, subject to such deduction for allowances for work omitted at the rates as provided for in the contract still to be submitted by the owner as may be approved by me as architect."

*Third.* As to the amount of damages for the delay caused by the owner, as provided for in the original contract.

Where an award or certificate is severable, and a part of it is void, if that part is not so connected with the rest as to affect the justice of the case, the award is void only *pro tanto.* (*Herbst* v. *Hagenaers*, 137 N. Y. 290.)

The first and third parts of the certificate as above divided, are, I think, sufficient certificates, and are conclusive and binding upon the parties to the contract. The second may be insufficient — that is, no certain amount is found in it. It leaves something for future determination. " An award must be certain or it is void." (*Fallon* v. *Kelehar*, 16 Hun, 266.)

Assuming that the certificate as to the amount due upon the completion of the contract is insufficient, the contractor is not precluded from recovering the balance due upon the contract because he does not produce a proper and sufficient certificate of the architect :

*First.* Because he has produced the only one he could, the only one the architect would give the contractor, and the contractor cannot be precluded by the improper or faulty act of the architect. It is a certificate of the balance due upon the contracts, as such, but without a certificate or computation of the deduction therefrom, to

which the owner was entitled for omitted work.   It is a certificate of the Vinton Company's claim under the contracts and the amount due upon such contracts.

*Second.* Because the owner's failure to submit his claim to the architect caused the defect in it.

*Third.* Because the owner's discharge of the architect prevents his further acting for and between the contracting parties and granting a proper certificate.

The contract being completed it followed that the contractor was entitled to the contract price.   Any deduction for omitted work was in the nature of an offset or counterclaim to be deducted from the contract price.   The amount of it was to be determined by the architect.

As we have before seen, that determination might be made separately and evidenced by a written certificate as to the amount, or it might be embodied in the certificate of the balance due the contractor, although not separately stated in such certificate.   If it was anything coming to the contractor it was his business to procure the certificate or determination.   If it was coming to the owner it was his business to produce the certificate or determination.   The defendant has failed to produce such certificate as to the amount due him for omitted work, and not having such certificate or determination of the architect of the amount due him he cannot deduct it from the contract price.

The requirement of a certificate of the architect is binding upon both parties to establish their claims.   The failure of the plaintiff, if it is a failure, to produce one to establish his claim was excusable because of the reasons heretofore stated, and, therefore, his recovery is not precluded for lack of a sufficient certificate.   The default of the defendant to produce a certificate is because of his own conduct and neglect, and not excusable.

The claim that the matter should be submitted to arbitrators was not made until during the trial of the action, and in the absence of any demand or request being made for, or steps taken to secure, arbitrators by the defendant under the contract, the provisions in the contract for arbitration constitute no defense to the action. (*Smith* v. *Alker*, 102 N. Y. 87.)

From these views it follows that the plaintiff is entitled to recover as directed in the decision filed herewith.

# Cases

# FIRST DEPARTMENT

# APPELLATE DIVISION,

## September, 1905.

---

SAMUEL McMILLAN, Appellant, v. KLAW & ERLANGER CONSTRUC-
TION COMPANY, Respondent.

*Encroachment of a building upon a city street — when an ordinance of New York
city authorizing it is illegal.*

An ordinance of the city of New York allowed the borough presidents and the
park commissioners within their respective jurisdictions to issue permits,
authorizing the owners of buildings abutting upon the public streets of that
city, the fee of which streets is held by said city in trust for the public use
and benefit, to construct ornamental projections, extending beyond the build-
ing line not more than two feet on certain specified streets and not more than
five feet on other streets, "provided in the opinion of the officer hav-
ing jurisdiction no injury will come to the public thereby." These pro-
jections the ordinance defined as "all decorative projections on the face of
a building beyond the building line, in the nature of porches, arches, porticos,
pedestals, free-standing statuary, columns and pillars, which are erected
purely for the enhancement of the beauty of the building from an artistic
standpoint."

*Held,* that such ordinance was unconstitutional so far as it affected an owner of
property adjoining a building upon which such an ornamental projection
is sought to be constructed, in that it deprives him of his property without due
process of law in violation of section 6 of article 1 of the New York Consti-
tution and the fifth amendment of the United States Constitution;

That an ordinance which devotes public property to private uses is not looked
upon with favor, and the courts will scan it closely with a desire to guard jeal-
ously the rights of the public from a legal invasion under the guise of
municipal authority;

That the ordinance under consideration imposed a new, unusual and additional
burden upon the street, and diminished the adjoining owner's easements therein
without making compensation therefor.