(124 App. Div. 26.)

## NEIDLINGER v. ONWARD CONST. CO.

(Supreme Court, Appellate Division, Second Department.   January 24, 1908.)

1. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Where an action for the balance on a building contract is based on an architect's certificate, a new trial will not be granted to allow defendant to show insanity of the architect at the time the certificate was made, where such claim is not made until three years afterwards, and it appears that he was then in constant intercourse with defendant's agents, and that, while his conduct at times was peculiar, it was never regarded as more than personal eccentricity; there being much doubt whether the new evidence would alter the result.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 226.]

2. SAME.

A new trial will not be granted, where the newly discovered evidence relied upon is not at all conclusive, and grave doubts exist as to whether it would be sufficient to warrant submission to a new jury, and where the other parties will be deprived of the testimony of an important witness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 226.]

3. SAME.

In an action for the balance on a building contract, based on an architect's certificate, a new trial will not be granted to admit the evidence of the architect's assistant, where it was shown on the trial that the architect, in preparing his certificate, had relied more or less on the inspection and report of the assistant, and that the architect was present at the building daily during the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 226.]

Appeal from Special Term, Kings County.

Action by George H. Neidlinger against the Onward Construction Company.   Judgment for plaintiff.   From an order denying a new trial, defendant appeals.   Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Abraham Gruber, for appellant.

Frank Harvey Field, for respondent.

PER CURIAM.   The action was for an unpaid balance on a building contract, extras, and damages caused by the owner's delay, and resulted in a judgment for the plaintiff after a trial by the court without a jury.   Upon appeal to this court, we affirmed the judgment upon the opinion rendered by the learned trial court.   107 App. Div. 398, 90 N. Y. Supp. 115, 95 N. Y. Supp. 1148.   Upon appeal to the Court of Appeals the judgment was affirmed without opinion.   188 N. Y. 572, 80 N. E. 1114.   This appeal is from an order denying the defendant's motion for a new trial upon the ground of newly discovered evidence, and for leave to serve a supplemental answer.   The affirmance in the Court of Appeals was on April 2, 1907, and this motion was made upon an order to show cause granted April 9, 1907.

A reference to the opinion written upon the trial of this case will disclose that the defendant's liability was predicated upon the architect's certificate.   No substantial claim was made upon the trial that the certificate was procured by fraud or misrepresentation, or that it was void

for any such reason. The defendant now claims that it has been discovered the architect was insane at the time the certificate was made, that his relations with the plaintiff's agent were such that it should be inferred that it was obtained through his fraud, and that the certificate was not in fact the act of the architect, but of Hutton, an incompetent assistant. The certificate was made on May 6, 1903, the action begun May 11, 1903, and the trial had in June, 1904. No notion of the insanity appears to have been entertained by any of the agents or officers of the defendant until November, 1906. In the following month the architect went to France, and was soon thereafter placed in a public sanitarium, hopelessly insane. The affidavit of an alienist is incorporated among the moving papers; but we are not impressed that the case as made out contains sufficient reasonable evidence to establish that in May, 1903, the architect was in such a mental condition as to be unfit for the transaction of his business in connection with this contract. He was in daily intercourse with scores of people in connection with the business, and with the defendant's agents and officers; and, while some of his conduct was unusual, it does not appear that it was ever regarded as more than the evidence of personal eccentricities, or that any one ever supposed that it indicated incapacity. Even if it should be admitted that he is in the last stages of paresis now, and that the disease must have been present four or five years before this stage, and hence in May, 1903, the presumption that he was incapable then is not sufficiently strong for us to conclude that the introduction of such evidence upon another trial would be likely to change the result.

The newly discovered evidence relied upon to establish the fact that the certificate was false and fraudulent, and therefore void, is by no means conclusive, and there is grave doubt whether, taking it all together, there is sufficient to permit the court to submit the question to a new jury. The architect's friendship with Vinton, the agent for the plaintiff's assignor, and the latter's promise to obtain work for him in Detroit, are as capable of an innocent as a fraudulent construction. The architect's alleged confession is evidently little, if anything, more than a statement that the legal effect given to it by the courts was larger than he had supposed it would be entitled to. The plaintiff will doubtless be unable to procure the evidence of the architect at another trial, and the court should be well satisfied that the evidence is sufficient to establish what the defendant claims for it in this respect, before granting the motion for a new trial, where, in consequence of the time that has elapsed since the action was tried, the plaintiff will be deprived of the evidence of this most important witness. Biddescomb v. Cameron, 58 App. Div. 42, 68 N. Y. Supp. 568.

In our opinion the evidence of Hutton, the architect's clerk, is hardly newly discovered. It developed plainly upon the defendant's cross-examination of the architect at the trial that he had relied to a greater or less extent upon the inspection and report of his assistant in preparing the certificate; but the defendant evidently chose to rely, as it had done when the certificate was made, upon the proposition that the plaintiff was not entitled under the contract to allowances because of the owner's delay. It would, of course, assist the defendant to relieve it of the consequences of the choice of this plan of defense; but after

a lengthy trial, and the consideration by this court and the Court of Appeals of its voluminous record, and the final determination of the controversy, to grant such relief would be eminently unfair to the plaintiff, especially now that the architect's evidence cannot be had. In this connection it may be observed that the contention of the appellant that the certificate was made, not at all as a result of the exercise of judgment by the architect, but wholly upon the mere say so of an assistant, whose experience and competency the appellant attacks, is somewhat astounding, in view of the long-continued connection the architect had with the construction of the building, and in view of the fact that he was present at the building, or the office run in connection therewith, daily during its construction until May 6, 1903, and under a weekly salary paid by the defendant.

We have considered other phases of the matter discussed by the appellant, but are of opinion that it is concluded upon these questions by the law of the case as already established.

We reach the conclusion that the order should be affirmed, with costs.

