THOMAS H. DOWD, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 19617.)

Fourth Department, September 20, 1933.

*John J. Bennett, Jr., Attorney-General [James Gibson, Assistant Attorney-General,* of counsel], for the appellant.

*Henry P. Nevins* and *G. Sydney Shane,* for the respondent.

PER CURIAM. The provision of the contract making the final estimate of the engineer conclusive and binding upon the contractor is fatal to recovery here in the absence of bad faith, corruption or palpable mistake appearing on the face of the estimate. (*Sweet* v. *Morrison*, 116 N. Y. 19; *Perkins* v. *Giles*, 50 id. 228; *Barash* v. *Board of Education*, 226 App. Div. 249; *Molloy* v. *Village of Briarcliff Manor*, 145 id. 483; *Sewer Commissioners* v. *Sullivan*, 162 N. Y. 594, affg. 11 App. Div. 472.) As this provision of the contract seems not to have been considered by the Court of Claims, a new trial is ordered so that matters relating thereto may be fully litigated.

There are other serious questions involved. As to the item of "overhaul," the contractor agreed to carry out an estimated 300,000 cubic yards per 100 feet overhaul for no cents per cubic yard per 100 feet. The contract also reserved to the State the right to make such additions, deductions or changes as it deemed necessary. and provided that no claim should be made by the contractor for any loss of anticipated profits because of any such change or by reason of any variation between the approximate quantities and the quantities of the work as done. We doubt under these clauses whether the State is required to pay for additional overhaul even if resulting from a change in the plan unless at least the total overhaul exceeds the estimated 300,000 cubic yards per 100 feet.

As to the item for excavation, the contract fixes the method of measurement. Computation based on truck loadings cannot prevail over estimates based upon the contract method of measurement unless at least it is shown to be impossible for the contractor or his assignee to employ the method of measurement stipulated in the contract.

As to the item relating to grading shoulders, we find no satisfactory evidence as to the surface graded, and as to the amount of reinforcing material used the finding of the Court of Claims is against the weight of the evidence.

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to the appellant, State of New York, to abide the event. Findings of fact Nos. 7, 9, 11 and 25 contained in the decision and Nos. 4, 5, 6, 14, 18, 22 and 23 contained in the claimant's proposed findings are disapproved and reversed upon the facts.

All concur, CROSBY, J., on the law, in result.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Certain findings of fact disapproved and reversed.