■ YONKERS CONTRACTING COMPANY, INC., Respondent-Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant-Respondent. (Claim No. 36840.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum and as modified affirmed, without costs of these appeals to either party. Memorandum: These are cross appeals from a judgment of the Court of Claims which awarded claimant Yonkers Contracting Company Inc. $95,110.59 for various claims arising out of a contract for the construction of a portion of the New York State Thruway. Included in the award was an item of $50,624.60 for the placement of a quantity of "39 x gravel" over the amount in the final estimate. The contract specifications set forth the method of measurement of quantities employed by the engineer and made his determination of quantities involved final, binding and conclusive upon the contractor. The claimant relied on a calculation of truck loads as a basis for the determination of quantities. In *Dowd* v. *State of New York* (239 App. Div. 141, 142) it was stated: "Computation based on truck loadings cannot prevail over estimates based upon the contract method of measurement unless at least it is shown to be impossible for the contractor or his assignee to employ the method of measurement stipulated in the contract." There is no demonstration in the evidence of fraud, bad faith or palpable error in calculation on the part of the Authority and its estimate made in accordance with the contract provisions must prevail. The judgment allowed interest in the amount of $5,682.29 on the undisputed amount of $121,474.19 owing pursuant to the final estimate submitted, such interest running from August 19, 1958, the date of final acceptance of the work as complete, to October 20, 1959, the date of payment of the judgment for the undisputed amount severed from the other claims. Interest on the interest accumulated as above was allowed in the amount of $1,179.39 from the date of payment of the judgment to December 28, 1964, the date of entry

of judgment herein. Interest was also awarded from the date of final acceptance of the work to the date of entry of judgment herein in the amount of $17,893.68 on the disputed claims allowed. The final estimate was submitted to claimant October 24, 1958. It was returned to the Department of Public Works April 25, 1959, accompanied by claimant's verified statement of claim. A tender to claimant of $121,474.19 representing the undisputed amount owing pursuant to the final estimate was made on or before July 30, 1959, and the claimant refused tender of the final payment on July 30, 1959. Under the specific provisions of the Public Works specifications included in the contract refusal of the tender of final payment constituted a waiver of any right to interest thereon. (See *Wood* v. *State of New York*, 12 N Y 2d 25, *Byrne Constr. Co.* v. *New York State Thruway Auth.*, 19 A D 2d 192.) Also under the contract provisions the obligation of the Authority to make payment did not arise until it was provided a reasonable time to prepare and submit a final estimate following acceptance of the work. The date of acceptance of the work was August 19, 1958, and the submission of the final estimate was made October 24, 1958. No claim of unreasonable delay in submitting the final estimate is made by claimant. We now hold that interest on the disputed claims allowed should not be awarded therefor prior to the date of submission of the final estimate. (See *Winkelman Co.* v. *State of New York*, 10 A D 2d 894; *Merritt-Chapman & Scott Corp.* v. *State of New York*, 25 A D 2d 455.) The judgment should be modified by deleting therefrom the $50,624.60 award for additional "39 x gravel" and the award of interest thereon, by deleting therefrom the $6,861.68 award of interest on the severed judgment for $121,474.19 and by awarding interest on the disputed claims allowed totaling $19,730.63 from October 24, 1958 to December 28, 1964, and as so modified, judgment should be affirmed. (Appeal and cross appeal from judgment of Court of Claims for claimant in an action on a contract.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.