POSILLICO CONSTRUCTION COMPANY, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43076.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages to a State highway contractor (1) for work additional to that for which it had been paid and (2) for delays encountered in the performance of the contract, caused by the State. Cross Appeal by claimant (3) from so much of the judgment as disallowed its demand for $11,902.55 for extra work in connection with certain slopes, as part of its sixth cause of action, (4) from so much of said judgment as awarded less than the amount claimed under the thirteenth cause of action, and (5) from so much of said judgment as disallowed interest on the judgment previously entered, on motion, on the severed first cause of action, which was for the amount of the final payment computed by the State. The State's appeal contests only (a) the award under the second cause of action for excavation additional to that for which claimant was paid; (b) the award under the third cause of action for fill and embankment additional to that for which claimant was paid; the trial court, in deciding the second and third causes of action, computing the quantities of all excavation and of all fill on the basis of claimant's count of truck loadings rather than upon the State's measurements of the material in place, as provided by the contract; and (c) the award under the thirteenth cause of action of damages for delays asserted to have been wrongfully caused by the State. The trial court properly found that claimant had established its second cause of action upon demonstrating that the cross sections were inaccurate because the surveys of the supposed original grade were made after excavation work had begun and the surveys of the after-grade were made after claimant had begun to fill the excavated areas with gravel. Claimant is entitled to payment for the work actually performed and the court was warranted in finding that claimant's records of truck loadings constituted the best evidence thereof. The State's reliance upon *Dowd* v. *State of New York* (239 App. Div. 141) and the cases that followed it is misplaced, as the contract does not make the final estimate binding unless the contractor shall accept the final payment issued thereunder, which claimant, on the contrary, rejected. In the claim, demand was made for payment for 44,767 cubic yards at $1 per yard but on the trial claimant reduced its computation of the amount of unsuitable material excavated by 2,895.5. The decision overlooked this concession; and we find, after giving effect to the 10% adjustment utilized by the trial court, that the award for this item was excessive by $2,606. There was erroneously awarded, also, the additional sum of $19,620.02 for the cost of hauling this unsuitable material from the site. Such cost was required to be included in the unit price bid and the contractor agreed that he should have "no claim against the State because of any additional cost due to the haul and disposal of excavated material". The record does not support claimant's present assertion that it was misled. The award upon the second cause of action must, therefore, be reduced to $33,845. As respects the third cause of action, also, the inaccuracy of the State's measurement was established and again claimant's truck count was properly accepted as the best evidence available. The trial court's reference to measurements of the cross sections of the borrow pits was erroneous, as the quantity of embankment to be paid for was to be measured in its final compacted position, but the error was irrelevant to the correct result at which the court arrived. The award upon the third cause of action must, therefore, be affirmed. The claim interposed by the thirteenth cause of action for damages for delays encountered in the performance of the work was

not established and the award therefor must fall. The award rests primarily on the supposed existence of unknown and unforeseen subsurface and other conditions and the State's misrepresentations with respect thereto, so that the quantities were much greater than estimated and the work prolonged accordingly; but the record inhibits the application of this theory in the face of the provisions of the unit price contract here involved. (*Depot Constr. Corp.* v. *State of New York,* 19 N Y 2d 109, affg. 23 A D 2d 707.) Turning to the cross appeal, we conclude that the trial court erred in denying interest upon the final payment (*Higgins & Sons* v. *State of New York,* 20 N Y 2d 425; *Terry Constr. Co.* v. *State of New York,* 23 N Y 2d 167; *Johnson, Drake & Piper, Inc.,* v. *State of New York,* 29 A D 2d 793) ; and remittal is necessary for determination, upon this record or upon additional proof, of the time reasonably necessary to complete the processing of the final payment and thereupon to compute the amount of interest to which claimant is entitled. The record supports the trial court's determination with respect to the sixth cause of action. Judgment modified, on the law and the facts, so as (1) to reduce the award upon the second cause of action to $33,845 and appropriate interest; (2) to delete the award upon the thirteenth cause of action and to dismiss said cause of action; and (3) to provide that the claim for interest upon the amount heretofore awarded upon the first cause of action be remitted to the Court of Claims to determine the amount of such interest, in accordance with this memorandum; and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*