■ BERO CONSTRUCTION CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 50866.) — Appeal from a judgment in favor of claimant, entered June 1, 1972, upon a decision of the Court of Claims. Claimant seeks to recover for the cost of certain fill material used in the construction of a segment of an interstate highway in Broome County. The subgrade of the roadway was to be of an unclassified material or "borrow" followed by successive layers of more expensive gravel at prescribed widths and depths before the finished concrete surface could be laid. The amount of gravel used was to be paid for by computing its theoretical volume in place after inspectors verified that it had been correctly applied; the unclassified fill was to be paid for by cross sectioning the borrow pits from which it came before and after use to determine the volume removed. Claimant established that in some instances it had used the more expensive gravel instead of borrow as a convenience to insure that the subgrade would not exceed the maximum height permitted before application of the required gravel could begin, and to accommodate certain changes made by the State or necessitated by conditions wherein the gravel was apparently more accessible than the borrow. Claimant weighed, as opposed to merely counting, all truckloads of gravel taken from the pit as a means of establishing payment for its truckers. Consequently, by deducting the cubic yardage of gravel for which the State made payment according to the contractual method from the total material removed from the gravel pit converted to cubic yards in a conservative manner, claimant was able to make claim for the amount of gravel used as borrow at the latter's cheaper price. The State did not deny that such gravel was used as necessary borrow or contend that it was unsuited for such a purpose. Its sole argument is that removal of gravel for borrow purposes from a gravel pit which had not been cross sectioned in the agreed method of computing reimbursement for such borrow precludes any liability on its part for the material so used.

We cannot agree with that contention. The record demonstrates that State agents were aware of claimant's practice in this regard, made no overtures to prevent it, and had ample opportunity to measure the fill actually removed from the gravel pit had they so chosen. Indeed, the State does not even contest claimant's computations of the amount of gravel used for borrow purposes or deny that it was placed in the roadbed. Under the circumstances, the State's total reliance on the contractual *method* of determining the amount of borrow used cannot be allowed to govern what would otherwise amount to a palpable mistake by underpaying claimant for work actually performed as to this segment of fill. This is not the case of a contractor seeking to evade the results of the contractual method of computation by using a higher and more advantageous "truck" count on the ground that it produces a more accurate measurement (cf. *Yonkers Contr. Co.* v. *New York State Thruway Auth.*, 25 N Y 2d 1; *Dowd* v. *State of New York*, 239 App. Div. 141). The situation presented here reveals that claimant's figures were the *only* evidence of the amount of gravel used for borrow purposes. It would have been impossible for claimant to have employed the contractual method of measuring this portion of borrow since it was not obtained from a contractually contemplated source. Therefore, the award made to claimant was proper and the judgment must be affirmed (cf. *Posillico Constr. Co.* v. *State of New York*, 31 A. D. 2d 693, affd. 27 N Y 2d 523; *Campbell* v. *State of New York*, 240 App. Div. 304). Judgment affirmed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.