COOPER-SNELL COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 17556.

Court of Claims, October 6, 1925.

State — claims against — claim for value of materials and labor furnished and services performed in execution of highway construction contract — claimant alleged assignment from corporation holding contract — claimant never became legal assignee of corporation within meaning of State Finance Law, § 43 — absence of privity of contract with State precludes award.

Claimant, in a claim for the value of materials and labor furnished and services performed in the execution of a highway construction contract, is not entitled to an award against the State as the assignee of the corporation holding the contract for the work, where it appears that said claimant never became the legal and valid assignee of the corporation within the meaning of section 43 of the State Finance Law. Moreover, claimant's disavowal over its signature that the contract had been sublet to it by the corporation, together with the absence of privity of contract with the State, precludes an award.

CLAIM for the value of materials, labor and services furnished to and performed for the State by the claimant in the execution of a certain highway contract for the construction of a highway known as the Manheim Center-Salisbury Center Road No. 463 in the county of Herkimer, N. Y.

*John C. Wait,* for the claimant.

*Henry P. Nevins, Deputy Attorney-General,* for the State of New York.

ACKERSON, P. J.:

The contract itself was entered into by the Bellew & Merritt Company of Tuckahoe, N. Y., as party of the first part, and the State of New York, as party of the second part, on the 3d day of December, 1908. The said Bellew & Merritt Company proceeded with the performance of the contract. Afterwards and on or

about November 23, 1910, February 7, 1912, and August 21, 1922, the State entered into supplementary contracts with the Bellew & Merritt Company for additional work on said road. All the monthly estimates and the final estimate were made out to the Bellew & Merritt Company and at the conclusion of the work the said Bellew & Merritt Company executed to the State a final receipt which reads as follows:

"Receipt for Payment of Final Estimate on

"The Manheim Center-Salisbury Center Road No. 463, County of Herkimer

"The receipt is hereby acknowledged of a draft on the County Treasurer of ...... County for $...... and State Treasurer's check for $7,260.63, making a total of Seven thousand two hundred sixty dollars and sixty-three cents, ($7,260.63) in full payment of final estimate dated the 8th day of March 1912, which I find after personal investigation is a final and correct account of all work done and material furnished by me under my contract dated the 3rd day of December 1908, for the improvement of the Manheim Center-Salisbury Center Road No. 463 in the County of Herkimer, N. Y., and also for all extra work performed and material furnished by me on and for said road and not included in said contract.

"BELLEW & MERRITT CO.

"Dated at N. Y. this          By Henry C. Merritt, *Treas.*
   *2 day of July* 1912                          *Contractor.*

"Witness:  (Signed) Marian M. Hunt"

The foregoing would seem on its face to indicate that the Bellew & Merritt Company could not have at this time any valid claim against the State by reason of the foregoing contract much less any person or corporation that stood in the position of a perfect stranger to the State with no contractual relation with it of any kind.

The claimant, however, seeks to base its right to maintain this claim against the State on the ground that it, as the assignee of the Bellew & Merritt Company, performed the greater part of the work and furnished the greater part of the material in building the road in question and that in so doing it was damaged in certain ways by the acts of the State for which it is now entitled to recover an award in this court against the State. The State contends, however, that it never became the legal and valid assignee of the Bellew & Merritt Company to such an extent as to enable it to maintain this claim.

Section 43 of the State Finance Law is as follows:

"Sec. 43. State contracts not to be assigned without consent;

penalties if done. A clause shall be inserted in all specifications or contracts hereafter made or awarded by the state, or any public department or official thereof, prohibiting any contractor, to whom any contract shall be let, granted or awarded, as required by law, from assigning, transferring, conveying, subletting or otherwise disposing of the same, or of his right, title or interest therein, or his power to execute such contract to any other person, company or corporation, without the previous consent in writing of the department or official awarding the same.

" If any contractor, to whom any contract is hereafter let, granted or awarded, as required by law, by the state, or by any public department or official thereof, shall, without the previous written consent specified in the first paragraph of this section, assign, transfer, convey, sublet or otherwise dispose of the same, or his right, title or interest therein, or his power to execute such contract, to any other person, company or other corporation, the state, public department or official, as the case may be, which let, made, granted or awarded said contract, shall revoke and annul such contract and the state, public department or officer, as the case may be, shall be relieved and discharged from any and all liability and obligations growing out of said contract to such contractor, and to the person, company, or corporation to whom he shall assign, transfer, convey, sublet or otherwise dispose of the same, and said contractor, and his assignee, transferee, or sublessee, shall forfeit and lose all moneys, theretofore earned under said contract except so much as may be required to pay his employees; provided that nothing herein contained shall be constructed to hinder, prevent or affect an assignment by such contractor for the benefit of his creditors, made pursuant to the statutes of this state."

This law went into effect February 17, 1909, and it is a re-enactment of chapter 444 of the Laws of 1897.

A clause was inserted in the contract in question in conformity with such law and reads as follows: " The contractor agrees not to assign, transfer, convey, sublet, or otherwise dispose of this contract or of its right, title and interest thereunder, or his power to execute such contract, to any other person, company or corporation, without the previous consent in writing of the State Engineer. The contractor further agrees that all damages of whatever nature resulting from the work or resulting to the work during its progress, from whatever cause, shall be borne and sustained by the contractor and that all work shall be at contractor's risk until it has been finally accepted by the state."

Whether the law and this provision of the contract were com-

plied with so as to enable this claim to be maintained independently by this claimant and in its own name is the question before us.

On September 7, 1910, this claimant wrote the State as follows:

> " COOPER-SNELL COMPANY,
> " Contractors and Engineers,
> " Little Falls, New York.

" STATE HIGHWAY COMMISSION,
> " Albany Capitol,
> > " Albany, New York:

" GENTLEMEN.— The Bellew & Merritt Company, contractors for the construction of the State Highway from Manheim Center to Salisbury Center, Herkimer County, and known as road No. 463, has sub-let to the Cooper-Snell Company the construction of the unfinished part of the said road, and has assigned the payments on the monthly estimates as they become due to us.

" I enclose one of the original assignments for your files and would ask that you have the payments from now on made directly to us.

" Would you also kindly send up a copy of the contract for said road No. 463.          Yours respectfully,
> " COOPER–SNELL CO.
> > " F. H. SHALL, *V. P.*"

Here is the definite unequivocal statement that the contract had been " sub-let " to this claimant.

The State replied to that as follows:

" COOPER-SNELL COMPANY,                    " *Sept.* 8, 1910.
> " Little Falls, N. Y.:

." GENTLEMEN.— Your letter of the 7th inst., with the enclosed order from Bellew & Merritt in regard to payments on road 463, are both received.  Your letter states that the Bellew & Merritt Company has sub-let the contract for road No. 463 to your company and has assigned the monthly payment to you.

" Your attention is called to the general law in relation to contracts, which provides that any assignment or sub-letting of a state contract to another party vitiates the contract, unless such contract is approved by the department having charge of the work.  It is possible that in your letter of the 7th inst. you do not mean exactly what you say.  If you do desire to have the road assigned to you, and your company substituted in place of the Bellew & Merritt Company, you and Bellew & Merritt Co. should so notify the Commission and if it meets with their approval the assignment papers will be prepared on our forms and forwarded to you for execution.  This will also include the consent of the bond company.

" If on the other hand, you merely wish to have the monthly

and final estimates assigned to your company, the contract still standing in the name of the original contractor, the enclosed form of assignment will be accepted providing the signature of the party signing same is acknowledged before a notary public in the usual manner in which documents issued by corporations are usually acknowledged, although your attention is called to the fact that the enclosed assignment covers payments on monthly and not on the final estimate. An original of such assignment should be filed in this office and also in the office of the Comptroller.

" Very truly yours,

" . . . . . . . . . . . . . . . . . . . .

" *Secretary.*"

Here the State called claimant's attention to the fact that the contract could not be sublet nor assigned without the consent of the Highway Commission but that if the contract was still to remain in the name of the original contractor and only the monthly and final estimates were to be assigned to this claimant it pointed out how that could be done.

This claimant immediately replied to that communication of the State as follows:

" FRANK H. SHALL

" Attorney & Counsellor at Law

" Little Falls, N. Y.

" *September* 13, 1910.

" DEPARTMENT OF HIGHWAYS,

" Albany, N. Y.:

" GENTLEMEN.— Your favor of September 8th in regard to the assignment of payments on road No. 463 was duly received.

" I am afraid I did not properly explain the situation in my former letter.

" The Bellew & Merritt Company have not assigned the road to us; we are not to take over their contract, but are simply to do some definite work for them — the contract still stands in their name, and we merely wish to have the monthly and final estimate paid to us as they become due.

" We have had the assignment re-executed and acknowledged and enclose it herewith.

" Trusting it will meet with your approval, I am

" Yours respectfully,

" COOPER-SNELL CO.

" By F. H. SHALL."

It will be seen that the claimant at once disavowed all intention of taking over the contract and followed the instruction given by the Commission in reference to taking an assignment from the

Bellew & Merritt Company and filed an assignment with the Comptroller and with the Commission, properly acknowledged, of which the following is a copy:

" For value received the Bellew & Merritt Company, a corporation of Tuckahoe, New York, hereby assigns, sets over and transfers to the Cooper-Snell Company, the payment on monthly and final estimates as they become due from the State of New York to said Bellew & Merritt Company, on the contract for the construction of the State Highway from Manheim Center to Salisbury Center, in the County of Herkimer and known as road 463, and requests the State Highway Commission and the comptroller of the State of New York to make the payment on the said monthly estimates direct to said Cooper-Snell Company.

" Dated, LITTLE FALLS, N. Y., *September* 6th, 1910.

" BELLEW & MERRITT CO.
" HENRY C. MERRITT,
" *Secretary.*"

Thereafter this claimant went on and finished the work of building the road. This was done, so far as the State possessed any knowledge concerning the matter, not for and in its own behalf but for and in behalf of the Bellew & Merritt Company.

The contract had not been assigned, the estimates were made out to the Bellew & Merritt Company, the supplementary contracts were made with the Bellew & Merritt Company and the Bellew & Merritt Company made the final settlement with the State for building the road and acknowledged in writing that the final estimate prepared by the State was a " correct account of all work done and material furnished under the contract   *   *   *   *and also for all extra work performed and material furnished for said road and not included in the contract.*"

And in addition to the above this claimant over its signature as we have seen not only specifically disavowed that the contract had been sublet to it by the Bellew & Merritt Company, but explicitly stated that the only connection it had with the road was " simply to do some definite work for them," the Bellew & Merritt Company.

The monthly and final estimates were paid in full by the State to this claimant as called for in the assignment.

Clearly under this state of facts this claimant was not authorized to, nor would it be in a position to legally maintain this claim against the State. The Bellew & Merritt Company retained the contract and this claimant was simply working for them and so far as appeared up to the time of this trial that is all the claimant

contended it was doing as is clearly set forth in its letter of September 13, 1910, to the Department of Highways.

But the evidence taken on the trial of this claim abundantly establishes the fact that such was not claimant's intention and purpose. It apparently sought to obtain an assignment of this contract in fact, if not in name, thereby deceiving the State and attempting to evade the law governing such assignments.

On the same day that it procured an assignment of the payment of the money on the monthly and final estimates from the Bellew & Merritt Company which assignment was filed with the Highway Department and the Comptroller, it procured another assignment from the Bellew & Merritt Company which was not filed with nor revealed to any public officer. The assignment was also dated September 6, 1910, but was not acknowledged until February 7, 1924. It is as follows:

" Bellew & Merritt Company, a corporation with an office at Tuckahoe, New York, for value received has sold and by these presents does grant, assign and convey unto Cooper-Snell Company, a corporation with an office at Little Falls, New York, all moneys due or to grow due under or by reason of one contract of Bellew & Merritt Company with the State of New York for the construction of a highway from Manheim Center to Salisbury Center Road No. 463 in the County of Herkimer, together with all accounts, claims, dues, debts, damages and demands now or hereafter existing or arising under or by reason of or by virtue of said contract.

" To have and to hold the same unto the said Cooper-Snell Company, its successors and assigns forever, to and for the use of said Cooper-Snell Company hereby constituting and appointing Cooper-Snell Company, our true and lawful attorney irrevocable in our name, place and stead, for the purposes aforesaid, to ask, demand, sue for, attach, levy, recover and receive all such sum and sums of money which now are, or may hereafter become due, owing and payable for, or on account of all or any of the accounts, claims, dues, debts, damages and demands above assigned, and to give receipts, releases and acquittances therefor, and giving and granting unto our said attorney full power and authority to do, and perform all and every act and thing whatsoever requisite and necessary, as fully, to all intents and purposes, as we might or could do, if personally present, with full power of substitution and revocation hereby ratifying and confirming all that the said attorney or his substitutes shall lawfully do, or cause to be done by virtue hereof."

The State contends that this is an assignment virtually of the contract in question to this claimant; and that while it does not

assign the contract in so many words, yet it is an assignment of all the beneficial " interest " which the Bellew & Merritt Company had in it. The consideration moving to the. Bellew & Merritt Company for this assignment is not stated in its provisions but the evidence discloses that such consideration was claimant's verbal agreement to finish the construction of the road. Even if it can be construed as an assignment of the contract, yet such an assignment, unless filed with and consented to in writing by the Highway Department, is and was prohibited both by the law in force at that time as well as by the contract which the Bellew & Merritt Company had with the State. It is conceded that it was not filed with the Highway Department nor consented to by it in writing. It is, therefore, in any event illegal and void as far as giving the claimant any right to maintain this action, and the claimant stands before this court in exactly the same position that it would be in if such assignment had not been made. It is immaterial, therefore, whether the allegations of damages incurred by this claimant in the building of the road in question at the hands of the State, its agents, engineers and employees as set forth in its claim have been supported and proven upon the trial by the evidence it has offered or not. Whatever may be the fact about that the claimant is not in a position to maintain an action against the State therefor. This claimant had no privity of contract with the State. It was simply an employee of the Bellew & Merritt Company. If it has a grievance it must seek redress from them.

If the State has done wrong it can be made to answer only to the Bellew & Merritt Company and to it alone. The motion made upon the trial to dismiss this claim by the Deputy Attorney-General, at the close of the claimant's case and again at the close of the entire case, must, therefore, be granted and the claim dismissed.

. Parsons, J., concurs.