WILLIAMSON & ADAMS, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24733.)

Court of Claims, July 11, 1939.

*George M. Simon* [*Homer L. Peters* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Alfred Spagnolo, Assistant Attorney-General*, of counsel], for the defendant.

MURPHY, J. In brief the facts are as follows: On December 22, 1931, Dave L. Benstock, Inc., made and entered into a contract with the State of New York for certain construction work at the Kings Park State Hospital, Long Island, New York. Benstock, Inc., sublet the plastering item included in said contract to Anthony Morell, and in turn Morell sublet to the claimant, Williamson & Adams, Inc., the lathing item which was a part of its plastering contract.

After a part of the work of the contract had been executed, Benstock, Inc., became embarrassed by reason of liens that were filed against the moneys due and to become due upon said contract, and on May 18, 1933, it made and executed an assignment of " all moneys due and to become due the undersigned (Benstock, Inc.) on monthly and final estimate and for the release of any retained percentages, for labor and material performed and furnished in connection with said contract " to Anthony Morell and Peter Bratta, as trustees, pursuant to section 27 of the Lien Law (since repealed by Laws of 1936, chap. 539). The assignment was filed with the State Comptroller on May 19, 1933. Subsequent payments for labor performed and materials furnished in the execution of the contract were made to Morell and Bratta, as trustees under that assignment. The last payment to them appears to have been made in May, 1934, under a final certificate. It represented the

final balance due on account of the cost of labor performed and materials furnished in the completion of the contract during their trusteeship. There was money earned in the execution of the contract in excess of the moneys paid the trustees, and these excess moneys were held by the State awaiting the result in a pending lien foreclosure action. They were paid out April 29, 1935, pursuant to a judgment rendered in said action. The date of the completion of the work of the contract does not appear in the record, but since the final certificate was issued in May, 1934, the completion date was necessarily prior to that date.

The claimant duly completed its lathing contract. It claims that in its performance it performed work beyond its contract terms and requirements, that the work was imposed and required by the State; it asserts a breach of contract on the part of the State arising out of the State's imposing and requiring said work.

As a result of such claim, made by the claimant, Anthony Morell and Peter Bratta, as trustees under the instrument of May 18, 1933, by an instrument in writing assigned to the claimant all their right, title and interest as such trustees in and to the claim and cause of action which forms the basis of this claim. The contractor, Dave R. Benstock, Inc., did not join in the assignment, and the claim is filed by Williamson & Adams, Inc.

The State contends that the trustees were wholly without power and authority under the provisions of former section 27 of the Lien Law to assign the claim, if one, in fact, existed, to the claimant.

From an examination of the section it is apparent that its purpose was to provide a plan whereby a contractor who had become distressed by the filing of notices of liens against the moneys due or to become due upon his contract by making an assignment of all moneys due and to grow due thereunder to one or more persons, or a corporation, as trustee or trustees, might subordinate the liens to such an assignment provided the same was approved by lienors having liens filed up to and not later than fifteen days after the filing thereof and aggregating not less than fifty-five per cent of the total amount of the notices of liens so filed and thus permitting such moneys to be used to complete the contract.

It may be here noted that the claimant made no proof that the assignment to the trustees was ever approved by the lienors, as provided in section 27, but for the purpose of this motion it will be assumed that it was so approved.

The assignment contemplated by section 27 is an assignment of moneys due and to grow due under the contract only. The assignment to these trustees refers to money only. Such an assign-

ment does not operate as an assignment of the contract itself. (*Brace* v. *City of Gloversville,* 167 N. Y. 452.)

The language of the section does not suggest a purpose to remove the contractor from the work or substitute the trustees for the execution of the work. The intent of the section seems quite to the contrary; it is designed to provide a means for the contractors executing the contract notwithstanding temporary embarrassment; it makes no change in the contract or the contract relations except as to the receipt and disbursement of moneys due and to become due, giving, however, no more than a right to enforce payment of these moneys.

In *Matter of DeMott* (251 App. Div. 800), unreported below, the sole question before the court for determination was whether or not the notice of lien involved therein complied with the provisions of section 12 of the Lien Law, and in so far as the opinion of the court at Special Term holds that an assignment under section 27 of the Lien Law effected an assignment of the contract as well as the moneys due and to grow due thereunder, it must be regarded as obiter. Further, it must be understood that the Appellate Division, in affirming the order of the Special Term without opinion did not necessarily approve what the court below said in its opinion but approved only the result reached. Before a contractor may assign his contract with the State he must obtain the previous consent in writing of the department or official awarding the same. (State Finance Law, § 43.) True it is that an assignment for the benefit of creditors is excepted therefrom, but clearly the assignment referred to is that provided for in section 3 of the Debtor and Creditor Law. Section 27 of the Lien Law provided that: " Such assignment, however, shall be valid only for an amount equal to the aggregate amount which may be paid or incurred by the trustee or trustees, or their successors, in completing such contract." It cannot be said, therefore, that an assignment under section 27 of the Lien Law is for the benefit of creditors or lienors. No moneys that may become due under it are applicable to the payment of claims of prior lienors or creditors. The only possible benefit that lienors and creditors might derive is an indirect one from having the contract completed without the usual delay, expense and increased cost attending the reletting of a partially completed contract.

The assignment herein contains a provision similar to the one quoted from section 27. Further, the assignment to the trustees covers " all moneys due and to become due on monthly and final estimates, and/or the release of any retained percentages." It

cannot be said that the alleged cause of action or claim herein constitutes "moneys due and to become due on monthly and final estimates, and/or the release of any retained percentages."

As before pointed out, the assignment to the trustees under section 27 did not operate as an assignment of the contract and, therefore, there was no privity of contract between the trustees and the State. It is elementary that the claimant, as assignee of the trustees, could acquire no greater rights against the State than they had, and, therefore, no privity of contract exists between it and the State and it is in no position to maintain this claim against the State for damages arising out of the breach thereof. (*Cooper-Snell Co.* v. *State*, 125 Misc. 715.)

Further, there is nothing in section 27 of the Lien Law which gives power to the trustees under such an assignment to make an assignment, and it is concluded that they are wholly lacking such power. The unreported case of *McClelland Company* v. *State*, cited by claimant's counsel, is no authority for the claimant's position as the right of the trustee to make the assignment therein was not raised.

The State's motion to dismiss the claim herein is granted and an order may be submitted accordingly.