WILLIAMSON & ADAMS, INC., Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24733.) — This is an appeal by the above-named claimant from an order of the Court of Claims entered in the office of the clerk of that court on the 27th day of September, 1939, which said order directed that the claim herein be dismissed on the ground that the trial court had no jurisdiction to hear and determine the claim. Order unanimously affirmed, with ten dollars costs and disbursements, upon the ground that the period prescribed within which claim must be filed had expired before claim was filed. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ. [171 Misc. 763.]

. In the Matter of the Claim of GEORGE H. SHAW, Respondent, against A. W. DANFORTH and MARYLAND CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

ALVETTA KROM, by CHARLES R. KROM, Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 24719.) CHARLES R. KROM, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 24718.) DOROTHY G. SCHLEGEL, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 24841.) — Appeals from judgments of the Court of Claims, entered in the office of the clerk of that court on September 28, 1938, dismissing the claims upon the merits. On July 4, 1936, appellants were riding as passengers in an automobile proceeding northerly along the two-strip concrete State highway from Ireland Corners to New Paltz in Ulster county. As the car reached the north side of a bridge a bump was felt by one of the passengers, the right wheels ran off the right side of the concrete pavement and then across the pavement to the left side and struck some posts marking the end of a culvert. There was proof from which it could have been found that the easterly slab of concrete to the north of the bridge was depressed at the center seam with a difference in elevation between the easterly and westerly lanes of concrete varying, according to the different witnesses, from three-fourths of an inch to four inches and that there was a slight wave in the road just north of the bridge on the easterly side. There was also some separation of the two lanes of pavement at the center strip and some difference in elevation between the shoulder and the easterly edge of the concrete. However, there was no proof to show why the automobile ran off of the pavement or that any of these conditions was causally related to the accident. Judgments unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.