WILLIAMSON & ADAMS, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25813.)

Court of Claims, February 24, 1942.

*McClung, Peters & Simon* [*George Simon* and *Homer Peters* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Alfred F. Spagnolo, Assistant Attorney-General*, of counsel], for the defendant.

DYE, J. Jurisdiction to hear, audit and determine the within claim has been conferred by chapter 874 of the Laws of 1940, which authorized the claimant " to file such notice of intention and claim within the time prescribed by section 15 of the Court of Claims Act." The claimant predicates its claim on an assignment made and delivered under authority of section 27 of the Lien Law. (Repealed by Laws of 1936, chap. 539, § 6, effective May 12, 1936.)

Dave L. Benstock, Inc., entered into a contract with the State of New York dated December 22, 1931, and thereafter, under date of May 18, 1933, made an assignment " to Anthony Morrell and Peter Bratte, a subcontractor's committee acting as trustees,

their successors and assigns in trust, of all moneys due and to become due. the undersigned on monthly and final estimates, and of the release of any retained percentages for labor and materials performed or furnished in connection with said contract." Thereafter, Williamson & Adams, Inc., the claimant herein, at the request of the trustees, undertook to complete the furring and lathing as subcontractor. The trustees assigned and transferred to it any claim or cause of action which they had against the State of New York. The work was completed by Williamson & Adams, and they now allege that in the course of it they were compelled, contrary to the terms of the contract, to perform extra and additional work, amounting in effect to a breach of contract, for which the State should respond in damages.

It is axiomatic that an assignee can acquire no greater right than that possessed by the assignor. The original assignment from Dave L. Benstock, Inc., to Morrell and Bratte, as trustees, was simply an assignment of the " moneys due and to become due," and had been made pursuant to section 27 of the Lien Law. Strong equities exist urging the payment by the State for materials and labor furnished in excess of the contract requirements. Nevertheless, one cannot expect or receive payment from the State except by warrant of law.

For the claimant to recover, we must treat the original instrument as an assignment of the contract. The language, however, is specific and appropriate to express the purpose which appears quite clearly to have been an assignment of " moneys due and to become due," and cannot be enlarged to constitute an assignment of the contract. As we said before, the claimant is in no better standing than its assignor. The trusteees who employed them to finish the contract had no authority to bind the State under the assignment, nor did the State later consent to be bound. In fact, their every action supports the contrary conclusion. The agreement between Benstock and the State, dated December 22, 1931, provides: " The contractor further agrees that he will not assign, transfer, convey, sublet or otherwise dispose of this contract or of his right, title or interest therein or his power to execute the same without the consent in writing of the State or any moneys which are to become due or payable to him because thereof to any person, company or corporation without the previous consent in writing of the State, and until such consent in writing shall have been given, no claim or demand shall exist in favor of any person, company or corporation to any of the moneys to be paid by the State on account of the provisions of this contract in favor of any person, association or corporation except the said contractor." From the

documentary evidence contained in the case, there is no proof that the State ever assented to an assignment of the contract, nor can its assent, if any, to the assignment of the " moneys due and to become due " be inferred from the provisions of section 27 of the Lien Law and claimant's Exhibit No. 7.

It is also interesting to note that the Department of Public Works did not officially recognize any substitution of the contractor, Benstock. In their letter dated May 2, 1932, State's Exhibit A, an extension of time of completion was given to Dave L. Benstock, Inc. It will be recalled that the assignment of the " moneys due and to become due " had been made under date of May 18, 1933.

The periodic estimates for payment dated December 4, 1933, were submitted by Dave L. Benstock, Inc., and signed by Morrell and Bratte as trustees, and approved for payment December 11, 1933, by the Comptroller. In the estimate for March 7, 1934, the caption had been changed to read " Anthony Morrell and Peter Bratte, Trustees of the Dave L. Benstock, Inc." This same caption was followed in the certificate of May 22, 1934. This, to my mind, however, does not change the effect, as they appeared as trustees for the contractor. They were not assignees of the contract, simply accredited representatives of the contractor. No new party had been introduced in substitution of the original contractor, simply that the original contractor was now operating through a trustee. It is elementary that there must be some privity created between Williamson & Adams, Inc., and the State, before the State can be bound This has not been done, and we cannot stretch the assignment of " moneys due and to become due " under section 27 of the Lien Law to include any such desired end.

The claim must stand or fall on the original assignment and the actions of the State and the parties in reference to it as indicated by the record. The record does not support the conclusion that Williamson & Adams, Inc., is an assignee of the contract, and for this reason the claim should be dismissed.

This same claim has been previously heard by the Court of Claims (171 Misc. 763). Judge MURPHY, writing the decision of dismissal on the merits, laid no stress on failure to file within the time limited, but disposed of the matter on the merits under section 27 of the Lien Law. The affirmance by the Appellate Division, Third Department, (259 App. Div. 758), does not appear to be *res judicata*, particularly as it based its order of affirmance " on the ground that the trial court had no jurisdiction to hear and determine the claim." This statement was in addition to those reasons stated by Judge MURPHY and not by way of limitation.

The repeal of section 27 of the Lien Law renders this discussion academic, but the court in arriving at its conclusion, must be bound by the language of the statute as it existed at the time the claim arose, and the language of the assignment read in the light of the statute cannot be interpreted to constitute an assignment of the contract when by its terms it was limited to an assignment of " moneys due and to become due."

The claim herein is dismissed upon the merits.

BARRETT, P. J., concurs; RYAN, J., dissents, with opinion.

RYAN, J. (dissenting). I dissent. The prevailing opinion entirely disregards the equities. Relying upon technicalities it arrives at a conclusion the effect of which is to give the State of New York the benefit of extra labor performed and materials furnished, worth $2,165.76, without paying therefor. The decision which accompanies this opinion recites that work of the value stated was installed by the claimant corporation in the State's building at the instance of the State's representatives on the job although the construction contract did not require it to be done. I cannot concur in the proposition that the assignment here under consideration was not an assignment of the contract. We have previously determined that similar language gave the right to the assignee to recover not only the moneys due under the contract but also for extra work performed and, as well, damages for breach of the contract. Our holding was twice challenged upon appeal and twice upheld. (*Dowd* v. *State of New York,* 239 App. Div. 141; 248 id. 805.)

In that case Earl C. Jones, Inc., entered into a contract to build a State highway and, encountering some financial difficulties, executed an instrument, addressed to the State Department of Public Works, Bureau of Highways, and to the State Comptroller, which read as follows: " the undersigned as such contractor of record hereby sells, assigns, transfers and sets over to the Wyoming County National Bank, Warsaw, New York, all moneys due or to become due the undersigned on monthly and final estimates, for labor and material furnished in connection with said contract; and you and each of you are hereby authorized, empowered and directed to pay to the said Wyoming County National Bank the full amount of such monthly and final estimates as the same become due and payable."

In turn the Wyoming County National Bank assigned to Thomas H. Dowd " whatever right, title and interest the said bank had in and to the payments under the said contract." Dowd sued the State. This court held that the contractor had assigned to the

bank " all of its right, title and interest in and to any and all claims against the State of New York growing out of the performance of said contract, or any damages for a breach thereof, and the same was thereafter, and before the filing of this claim, for a valuable consideration, duly assigned by said Wyoming County National Bank to the claimant herein."

The construction work was completed according to the exactions of the State engineer in charge and paid for according to his computations and measurements. This court found that these exactions were in breach of the contract and that the engineer's measurements were incorrect and had been made in bad faith. We awarded compensation for the damages sustained to the assignee, the claimant Dowd. Upon appeal from the judgment following the first trial, a new trial was directed in order that matters relating to a certain provision of the contract might be " fully litigated." Upon appeal from the award and judgment following the second trial there was unanimous affirmance. Upon both appeals the issue of the validity and effect of the assignment was squarely raised, but the findings of the trial court in this regard in each instance remained undisturbed.

Here " Williamson & Adams, Inc., the claimant herein, at the request of the trustees, undertook to complete the furring and lathing as subcontractors." (Prevailing opinion, ¶ 2.) The State recognized these subcontractors and accepted their work but now refuses to pay for extra work which they performed beyond the requirements of the contract. I believe that the assignment by Benstock, Inc., to Morrell and Bratte contemplated that these trustees should do exactly what they did do, viz., complete the contract in good faith. This involved engaging subcontractors and seeing to it that they carried out the instructions of the State's engineer on the job even when there was a dispute and such instructions were followed under protest. The necessary corollary was that the State of New York should exercise good faith. When it made demands in excess of the requirements of the contract a breach arose for which the State should respond in damages.

In respect to the previous decision of this court, made upon motion to dismiss (171 Misc. 763), it must be noted that the affirmance thereof in the Third Department was " upon the ground that the period prescribed within which claim must be filed had expired before claim was filed." (259 App. Div. 758.) That this was the sole and only ground of affirmance was evidently the interpretation of the Legislature because in adopting the Enabling Act under which the instant claim comes before us only the defect in filing is cured. (Laws of 1940, chap. 874.) Certainly there existed a moral obligation which would have supported

legislation to vitiate what my colleagues find to be the limitations of section 27 of the Lien Law, which, in its entirety, is already repealed. That no such legislation was adopted implies that it was deemed unnecessary.

The prevailing opinion and decision about to be entered thereupon dismiss the claim " upon the merits." Nevertheless it is my understanding that the real basis of the dismissal is the absence of privity of contract between Williamson & Adams, Inc., and the State. In other words, the holding is that this claimant is not the real party in interest, in effect a jurisdictional determination. I doubt that this basis supports a dismissal upon the merits when at the same time the decision contains findings to the effect that the State demanded and received labor and materials not required by the contract. I call attention to this because at some future time, if this decision stands, the judgment about to be entered herein may be pleaded as a bar to recovery in a suit which may be instituted to compel the State to pay for what it has had. It is my understanding that it cannot be so regarded. (*Clark* v. *Scovill*, 198 N. Y. 279.) However, that issue ought never to arise because at this time the direction of this court, in right and justice, should be for the entry of a judgment in favor of this claimant in the amount of $2,165.76 and interest thereon from the date of final certificate of payment on the contract.