■ D. A. COLLINS CONSTRUCTION Co., INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 58359.) — Cross appeals from a judgment in favor of claimant, entered August 5, 1980, upon a decision of the Court of Claims (Murray, J.). By agreement dated September 8, 1967 and approved by the State Comptroller on September 19, 1967, claimant, as sole bidder, was awarded a public highway construction contract known as the Lark-Dove Arterial, Interstate Route 504, Albany County, at a cost of $34,884,584. Claimant immediately commenced work on the project and was scheduled to complete it by August 8, 1971. However, due to a variety of problems, work on the project was not finally completed until December 31, 1972 and accepted by the State on February 3, 1973. Claimant commenced this action against the State in the Court of Claims on April 16, 1974 alleging various breaches of contract and claiming damages exceeding $9,600,000. Over $7,200,000 of that figure was alleged to be damages for delays in completion of the contract caused by the State. Disputes concerning various quantities of materials paid for by the State under the contract accounted for approximately $570,000 of the damages alleged. Various other items composed the remainder of the claim. Following a trial, the Court of Claims partially allowed the claim. Although the trial court failed to find any liability on the part of the State regarding that portion of the claim dealing with damages due

to delay, various items totaling over $316,000 were allowed on claimant's quantity claims in addition to over $116,000 of the miscellaneous claims. After interest on these awards was calculated, a judgment of $619,261.34 was entered in favor of claimant. Claimant has appealed the disallowance of its entire delay claim, certain items of its quantity claim, and various other damages alleged to have been caused by the State. The State has cross-appealed the trial court's decision to allow a particular item in claimant's quantity claim. The highway construction project at issue in this case involved several major roadways and a number of structures. In bringing this action against the State, claimant had the burden of proving its claim by a fair preponderance of the evidence (*Zara Contr. Co. v State of New York,* 7 AD2d 956, 957, mot for lv to app den 7 NY2d 706). It has failed to meet this burden with regard to any of the damages alleged to have been caused by delays attributable to the State in the performance of the contract. While we find it unnecessary to specifically discuss each item of damage claimant contends resulted from State-caused delay, we note that many of them stem from a common allegation, i.e., that the State failed to timely furnish claimant a clear right of way to certain railroad property. At the core of claimant's argument on this point is its contention that, by not obtaining the right of way until December 7, 1967, the State delayed claimant's construction schedule which was based on information given by the State in mid-September of 1967 indicating that the right of way had already been obtained. This contention is simply not supported by the record. The bid proposal, which by express language in the agreement signed by the parties was deemed to be part of the contract, stated that the right of way had not yet been obtained by the State and had an anticipated acquisition date of December 31, 1967. Claimant was thus not justified in formulating a construction schedule which contemplated an earlier purchase date by the State of the right of way, and the trial court correctly disallowed that portion of the claim seeking damages based on delays caused by the State. Turning to the issue of quantity disputes, claimant argues that the trial court erroneously disallowed portions of its claim in this area. The contract provided that the measurements of the State's engineer would govern the payment of quantity disputes. If calculated by the method prescribed in the contract, these measurements are binding upon the contractor in the absence of fraud, bad faith or palpable mistake (*Yonkers Contr. Co. v New York State Thruway Auth.,* 25 NY2d 1, 4). Claimant has failed to make such a showing regarding any of the contested calculations made by the State and thus cannot prevail on this portion of its appeal. The remaining issues raised by claimant regarding the miscellaneous portions of its claim which were disallowed by the court have been examined and found to be without merit. The State's cross appeal challenges the trial court's decision to award claimant $61,260 in damages plus interest for opening a portion of the project to traffic prior to acceptance by the State. This award resulted from the trial court's conclusion that Item 76X[*] of the contract applied to the situation whereby the newly constructed Lark-Dove portion of the project was opened to traffic prior to completion of the contract in order to prevent interruption of traffic while

---

[*] This portion of the contract provides: "ITEM 76X — MAINTENANCE AND PROTECTION OF TRAFFIC ON SECTIONS OPENED TO TRAFFIC PRIOR TO ACCEPTANCE. 1. *Description.* Under this item the Contractor shall maintain traffic and protect the public from damage to person and property whenever directed, in writing, by the District Engineer to open to public traffic any portion of new permanent mainline pavement or structures on new location or any portion of new permanent mainline pavement substantially on old location on which public traffic is not maintained during construction under Item 76. The Contractor shall also maintain traffic and protect the public from damage to person and property on any connector or ramp used by such traffic."

the Northern Boulevard viaduct was demolished and a new structure built in its place. In allowing this portion of the claim, the trial court allowed claimant to be paid on an incremental daily rate for maintaining traffic on the roadway and rejected the State's contention that the situation was governed by contract Item 76S, whereunder no additional increment would be owed the claimant (see *Lizza & Sons v State of New York*, 62 AD2d 1080, mot for lv to app den 45 NY2d 707 for. a more detailed discussion of the interplay between Items 76S and 76X in a similar contract). The record supports the State's position. Item 76X entitles claimant to incremental payments for maintaining newly constructed highways prior to State acceptance "whenever directed, in writing, by the District Engineer" to do so. No such written directive was made in this case. Claimant cannot, therefore, seek recovery under this provision since the condition precedent has never occurred. It was thus error for the Court of Claims to allow that portion of the claim and the judgment must be modified accordingly. Judgment modified, on the law, by reducing it in the amount of $61,260, plus interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.