**HELLENIC LINES LIMITED, Plaintiff-Appellant,**

v.

**GULF OIL CORPORATION, Defendant-Appellee.**

**No. 343, Docket 30214.**

United States Court of Appeals Second Circuit.

Argued April 14, 1966.

Decided April 26, 1966.

Edwin Longcope, New York City (John F. Lang, Eli Ellis, and Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for plaintiff-appellant.

Frederick L. Scofield, New York City (Thomas M. Healy, and Malcolm C. Pfautz, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

**404**

PER CURIAM:

This case comes here for the second time. On the first appeal we decided (340 F.2d 398 (2d Cir. 1965)) that the trial court erred in refusing to admit into evidence a letter which the appellant, Hellenic Lines, wrote to Gulf Oil Corporation and which related to and accompanied the oil contract which had been drawn by Gulf, and which had been signed by Hellenic, and was then being returned to Gulf. We held that with the letter in evidence the jury could find, as Hellenic urged, that there was an oral contract of affreightment, for shipments in Hellenic's ships, which was reciprocal and collateral to a written contract for the purchase of oil from Gulf.

At the subsequent trial the letter was a part of the evidence before the jury, but the jury found that there was simply a contract between the parties for the purchase and sale of oil and no reciprocal, collateral oral contract of affreightment. Appellant, Hellenic, now claims that this came about because the trial judge erroneously failed to charge specifically and adequately about the significance of the letter and refused to give instructions concerning it in substantially the terms requested by Hellenic.

Examining the charge as a whole, however, we conclude that the court gave an adequate and proper charge in this respect, fully covering what effect the letter might be found to have on the legal interests of the parties. Its decision not to make the specific mention of the letter sought or give it the significance and emphasis requested, on the ground that it would give undue stress to it and unbalance the charge, was well within the judge's discretion.

The appellant complains that the trial court, in granting Gulf interest on the judgment of March 30, 1964, erroneously awarded interest on interest. That judgment consisted of the principal amount due by Hellenic for oil, interest on that sum to March 30, 1964 and costs. On the first appeal we affirmed that part of the trial court's judgment and the total sum was fully adjudicated as the amount due on March 30, 1964. It has not been paid, and interest has been running on it since that date. The trial court was correct in awarding interest as it did. We have also concluded that there was no reversible error committed with regard to the other points raised on this appeal.

The judgment below is affirmed.