Chief Judge Fuld.
 

 Yonkers Contracting Company, the claimant before us, made a contract with the Thruway Authority to construct a portion of the Erie .section of the Thruway. After acceptance of the job by the Authority on August 19,1958, there was a disagreement between the parties with respect to certain claims, the principal one being for extra foundation gravel— known -as
 
 “
 
 Item 39X.” Yonkers refused to accept the Authority’s final estimate, submitted on October 24, 1958, or its check based thereon, which was tendered on or about July 30, 1959. Subsequently, following accepted procedure, Yonkers moved to
 
 *4
 
 sever the portion of its claim relating to moneys concededly due. The Court of Claims granted the motion, awarding it a “■severed ” judgment of $121,474.19 which the Authority paid by check on October 20, 1959. After trial, the court granted the claimant recovery on certain disputed items, including its claim of about $50,000 for Item 39X, as well as interest on the severed judgment and on its various successful claims, bringing the-total to approximately $95,000. On appeal, the Appellate Division modified (1) by deleting the award for the extra gravel in dispute, (2) by disallowing interest on the severed judgment and (3) by reducing interest on the other items and, as so modified, affirmed.
 

 Both the claimant and the Authority appeal. We agree with the disposition made by the Appellate Division except for its disallowance of interest on $121,474, the amount of the severed judgment.
 

 We deal, first, with Yonkers’ claim for the extra gravel. The contract expressly provided, in its specifications, that “materials ’ ’ were to be measured ‘ ‘ in place ’ ’ by the engineer on the job and that his “ measurements * * * shall be accepted as final, conclusive and binding upon the contractor. ”
 
 [1]
 
 It is enough to say that the engineer adopted the method of measurement prescribed by the contract and that, in the absence of fraud, bad faith or palpable mistake, his final estimate is, in the language of the contract, ‘ ‘ conclusive and binding upon the contractor.” (See, e.g.,
 
 Sewer Comrs.
 
 v.
 
 Sullivan,
 
 162 N. Y. 594, affg. 11 App. Div. 472; 477;
 
 Dowd
 
 v.
 
 State of New York,
 
 239 App. Div. 141, 142.) That being so, the claimant was not privileged to rely on a calculation of truck loads as a basis for determining the quantities supplied. “ Computation based on truck loadings ’ ’, it has been well .said, "cannot prevail over estimates based upon the contract method of measurement unless at least it is shown to be impossible for the contractor or his assignee to employ the method of measurement stipulated in the contract.”
 
 (Dowd
 
 v.
 
 State of New York,
 
 239 App. Div. 141, 142,
 
 supra.)
 
 In the present case, there was no such showing.
 

 
 *5
 
 This brings us to the question of interest—(1) interest on $121,474 and (2) the date from which interest runs on that amount as well as on Yonkers’ several successful claims aggregating some $20,000.
 

 The Court of Claims allowed interest on the first item — the severed judgment of $121,474
 
 [2]
 
 —but the Appellate Division took a different view, holding that the claimant was not entitled to any interest whatsoever. Although we decided in
 
 Wood
 
 v.
 
 State of New York
 
 (12 N Y 2d 25) that the refusal of tender constituted a waiver by the claimant of any claim to interest on that amount, we wrote in
 
 Terry Contr.
 
 v.
 
 State of New York
 
 (23 N Y 2d 167, 172):
 

 “ However, in
 
 Higgins & Sons
 
 v.
 
 State of New York
 
 (20 N Y 2d 425,
 
 supra),
 
 we held that the State could waive the ' no-interest ’ provision of the specifications by stipulating at the time of the severance of the cause of action for the conceded contract balance that the question of interest be reserved until such time as the remaining portions of the claim were decided.”
 
 [3]
 

 In the present case, the severed judgment (for $121,474) contained a clause in which the matter of interest was expressly reserved ‘
 
 ‘
 
 until final determination of. the balance of the claim.” In view of this reservation and in view of the fact that the claimant actually established a “ right to additional moneys ”
 
 (Higgins & Sons
 
 v.
 
 State of New York,
 
 20 N Y 2d, at p. 429), there is no doubt that the claimant is entitled to interest on the sum of $121,474.
 

 We turn to the second item—the date from which interest is to be computed. The claimant contends, and the trial court found, that interest should run from the date on which the Authority accepted the job (August 19,1958), while the Authority urges that the date should be that on which a tender of payment of the $121,474 was made (July 30, 1959). What the
 
 *6
 
 Appellate ¡Division did was to select the date on which the Authority submitted its final estimate (October
 
 24,
 
 1958).
 

 The courts have often held that interest runs from the date on which the contract is accepted. (See, e.g.,
 
 Johnson, Drake & Piper
 
 v.
 
 State of New York,
 
 24 N Y 2d 958;
 
 Yonkers Contr. Co.
 
 v.
 
 New York State Thruway Auth.,
 
 23 N Y 2d 856;
 
 Groves & Sons Co.
 
 v.
 
 State of New York,
 
 23 N Y 2d 775; cf.
 
 Terry Contr.
 
 v.
 
 State of New York,
 
 23 N Y 2d 167, 172,
 
 supra.)
 
 However, the State (or other party to be charged) has many times been allowed additional time, where it is reasonably required, to prepare a final estimate, and, in those cases,, interest has been figured from the date of such estimate. (See, e.g.,
 
 Merritt-Chapman & Scott Corp.
 
 v.
 
 State of New York,
 
 25 A D 2d 455;
 
 Winkelman Co.
 
 v. State
 
 of New York,
 
 10 A D 2d 894.). In the case before us, the contract actually provided that the Authority was to have an opportunity to prepare a
 
 “
 
 final estimate ’ ’ after ‘ final acceptance ’ ’ of the work. Since there was no proof either that the Authority could have prepared its estimate any sooner than it did or that it needed any additional time to prepare one, the Appellate Division was right in concluding that interest should commence to run from October 24, 1958, the date on which the Authority submitted its final estimate. (See, e.g.,
 
 Winkelman Co.
 
 v.
 
 State of New York, 10
 
 A D 2d 894,
 
 supra.)
 

 Yonkers is, therefore, entitled to interest on the severed judgment of $121,474 and interest on such unpaid interest. As already noted, the interest on Yonkers’ successful claims is, as the Appellate Division decided, to run from October 24, 1958, the date of the Authority’s submission of its final estimate, as is the interest on the severed judgment, and interest on all items should nun
 
 to
 
 December 28,1964.
 

 The order appealed from should be modified to the extent of awarding interest on the severed judgment of $121,474.19 from October 24,1958, to October 20,1959, as well as for interest upon such interest from October 20, 1959, to December 28, 1964, and, as so modified, the order should be affirmed.
 

 Judges Bubke, Scilbppi, Bergan, Breitel and Jasen concur.
 

 Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.
 

 [1]
 

 . The pertinent provision of the Public Works Specifications reads, in full," as follows:
 
 “
 
 All estimates, including the final, will he made for actual quantities of work performed and materials in place as determined by the measurements of the Engineer, and the resulting quantities involved in any contract shall he accepted as final, conclusive and binding upon the contractor.”
 

 [2]
 

 . The trial court allowed interest on the $121,474 from the date the contract was accepted—
 
 [1]
 
 August 19, 1958—up to October 20, 1959, the date of payment of the severed judgment, and interest on "that interest from October 20, 1959, to December 28, 1964, the date of its final judgment.
 

 [3]
 

 . The contract now before us provides that the refusal of tender by the State constitutes a waiver of a claim to interest on the amount tendered.