**Carl F. GRUNENTHAL, Plaintiff-Appellee,**

v.

**The LONG ISLAND RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellant,**

v.

**T. F. CONTRACTING CO., Inc., Third-Party Defendant.**

**No. 253, Docket 33807.**

United States Court of Appeals Second Circuit.

Argued Nov. 11, 1969.

Decided Dec. 4, 1969.

Milford J. Meyer, Philadelphia, Pa. (Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., of counsel), for plaintiff-appellee.

James T. Gallagher, Jamaica, N. Y. (George M. Onken, Jamaica N. Y. of counsel), for defendant and third-party plaintiff-appellant.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

This controversy involves a single issue, whether interest on a judgment recovered by appellee against appellant should be computed at the rate of six percent per annum as claimed by appellee or four percent per annum as claimed by appellant.

Appellee, an employee of The Long Island Railroad Company, was injured on September 19, 1962 in the course of his employment. He brought an action in the United States District Court for the Southern District of New York to recover damages for his injuries under the Federal Employers' Liability Act. On March 2, 1967 a verdict in his favor was returned for $305,000.

On appeal this court ordered the case remanded for a new trial unless plaintiff would agree to remit all of the verdict in excess of $200,000. Grunenthal v. Long Island R. R., 388 F.2d 480 (2d Cir. 1968). That determination was reversed by the Supreme Court. Grunenthal v. Long Island R. R., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968).

The district court ordered that interest on the judgment be paid at the rate of six percent per annum and the Long Island appeals. We affirm the order of the district court.

Section 1961 of Title 28 of the United States Code provides that interest on a money judgment recovered in a civil case in a district court "shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

The applicable law is that of the State of New York. Section 5004 of New York's Civil Practice Law and Rules provides: "Interest [on a money judgment] shall be at the legal rate, except where otherwise prescribed by statute."

Under the New York General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 5–501, the legal rate of interest is six percent per annum.

This analysis would dispose of the present controversy except that the Long Island claims that a four percent rate is made applicable to it by a special statutory provision. It argues that as a subsidiary corporation of the Metropolitan Transportation Authority it is entitled to the benefits of Section 1266, subdivision 5, of the New York Public Authorities Law, McKinney's Consol.Laws, c. 43–A, which provides in pertinent part:

"Each such subsidiary corporation and any of its property, functions and activities shall have all of the privileges, immunities, tax exemptions and other exemptions of the authority and of

the authority's property, functions and activities."

One of the "privileges" to which the Long Island claims to be entitled is that provided by Section 1276, subdivision 5 of the Public Authorities Law:

"The rate of interest to be paid by the authority upon any judgment for which it is liable shall not exceed four per centum per annum."

However, Section 1266, subdivision 5 of the Public Authorities Law provides that subsidiaries of the Metropolitan Transportation Authority "shall be subject to suit in accordance with section twelve hundred seventy-six of this title." Subdivision 6 of Section 1276 provides:

"Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority."

Since the Long Island, a stock corporation, became a subsidiary of the Authority on January 20, 1966, it is subject to the section only with respect to causes of action arising after January 1, 1967. Grunenthal's cause of action arose in 1962. Therefore the usual six percent rate of interest is applicable to Grunenthal's judgment, and not the rate of four percent which under the statute would be applicable to causes of action arising after January 1, 1967.

Long Island seeks to avoid the effect of subdivision 6 of Section 1276, pointing to the fact that prejudgment interest is not allowable. This is, of course, true, but it is irrelevant to the present controversy since no prejudgment interest is claimed and since the date of the applicability of Section 1276 is not the date when interest began to accrue but the date when the cause of action arose.

In the light of the result of our consideration of the relevant statutes it is unnecessary for us to consider appellee's argument that for a state to provide for interest on a judgment under the Federal Employers' Liability Act at a rate lower than the rate applicable to judgments in general would be unconstitutional.