Lyman H. Smith, J.
Petitioner commences this article 78 proceeding against the Sheriff of Yates County seeking an order compelling the respondent to comply with the provisions of CPLR 2223 and, specifically, to compute and collect the interest allegedly due on a money judgment recovered by petitioner and issued to respondent Sheriff for enforcement by way of an income execution (CPLR 5231). Respondent Sheriff contends that his recovery of the sum set forth in the income execution, without additional interest, satisfies the judgment and that no further action on his part is legally necessary.
The facts are not complex and appear as follows: Petitioner entered a judgment against the judgment debtor for $1,770.65 in the Yates County Clerk’s office on March 2, 1973.[1] On June 1, 1973 the petitioner’s attorney issued an income execution to respondent seeking the sum of $1,813.02, with interest from *734 June 1, 1973. On or about July 19, 1973 respondent served a copy of said income execution on the judgment debtor and voluntary payments were made to respondent, and transferred to petitioner, until early 1975, when said voluntary payments stopped. Respondent then served a copy of said income execution upon the judgment debtor’s employer (March 31, 1975) pursuant to CPLR 5231 (subd [d]). Additional moneys were subsequently withheld from the judgment debtor’s wages and transferred to respondent for payment to petitioner through April 6, 1977, when petitioner received from respondent a sum which, when added to previous installments paid to petitioner, constituted a total remittance of the sum set forth on the income execution ($1,813.02). Petitioner was also notified by respondent that said final payment represented the balance due on the income execution and, further, the Yates County Clerk received the return on the income execution marked "satisfied”. The judgment was so recorded as "satisfied” in the County Clerk’s office as of April 4, 1977.
Petitioner now contends that respondent failed to comply with his lawful mandate to compute and collect additional interest on the judgment from the June 1, 1973 issuance of the income execution through the date of final payment on the underlying judgment, a sum alleged to be $272.03. Respondent advises the court that his department has never computed and collected interest on an income execution, nor do any Sheriffs’ departments in surrounding counties. Further, respondent’s position is that the moneys to be collected and turned over to judgment creditors on an income execution are limited to those sums set forth on the execution itself.
The question, then becomes whether or not the respondent Sheriff had the lawful duty to compute and collect interest on the judgment recovered and entered by petitioner judgment creditor from and after the date of issuance of the income execution. While the question posed is simple and straight forward enough, there appears to be no concise, succinct statutory provision which satisfies this query. An analysis of the law, both statutory and decisional, on judgments and interest would seem, however, to clearly dictate that such additional interest must, indeed, be collected by respondent Sheriff and transferred to petitioner.
CPLR 2223 compels an officer to whom a mandate is delivered for execution to execute such mandate according to its command. This provision covers the situation presented here, *735 i.e., a Sheriff enforcing the provisions of an income execution. (See General Construction Law, § 28-a; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2223, par C 2223:1.) What, then, is the mandate to be followed upon the issuance of an income execution to the respondent Sheriff?
Money judgments bear interest from the date of entry (CPLR 5003) at the rate of 6% (CPLR 5004). These statutory edicts continue the common-law rule that interest on a judgment represents damages recoverable by the judgment creditor for the nonpayment or detention of moneys due and owing on the underlying judgment. (See O’Brien v Young, 95 NY 428; Donnelly v City of Brooklyn, 121 NY 9; Moran Towing & Transp. Co. v Fleming, 175 Misc 408, affd 261 App Div 978, affd 287 NY 572; 5 Weinstein-Korn-Miller, NY Civ Prac par 5003.01) Once entered, the judgment bears interest until such time as the judgment debtor satisfies the judgment and terminates the accrual of said interest. As the Appellate Division, First Department, stated in Feldman v Brodsky (12 AD2d 347, 349, affd 11 NY2d 692): "And in the ordinary course of practice the judgment bears interest until the party against whom it is entered satisfies it. If both sides sit still, the interest goes on from the date of its entry. The basic scheme of the statute, as far as interest borne by a judgment is concerned, is that if the party charged wants to stop interest, he satisfies the judgment.”
Turning to the mandate set forth in CPLR article 52 for the enforcement of money judgments, CPLR 5230 ("Executions”) provides in subdivision (b) that an execution may be issued to the Sheriff directing him "to satisfy the judgment”. The income execution actually issued by petitioner and served by respondent on the judgment debtor’s employer states "There is now remaining unpaid $1,813.02 with interest thereon from June 1, 1973.” Further, said execution notifies the judgment debtor that payments are to be made "until the judgment together with interest thereon, and the fees and expenses of the execution are fully paid and satisfied”. Finally, the employer is directed to withhold and pay to the Sheriff moneys "until the judgment with interest thereon and the fees and expenses of this execution are fully paid and satisfied”.
Logic dictates that where interest is allowed from and after the date of entry of a money judgment (CPLR 5003) said judgment will not be satisfied until interest has been collected *736 from date of entry to date of final payment. To accept respondent’s position that only the sum set forth on the income execution is to be collected, would be to deny any interest from the date of issuance of said execution. While the task of computing the interest due may be burdensome upon the respondent’s department, to fail in doing so constitutes noncompliance with CPLR 2223.
Accordingly, petitioner’s request for mandamus relief, under CPLR article 78, is appropriate. While a drastic and extraordinary remedy, mandamus will lie to compel performance by a public servant of an official function imposed by law (Matter of Fried v Fox, 49 AD2d 877; Matter of Pfingst v Levitt, 44 AD2d 157 and Matter of Stoll v Port of NY Auth., 61 Misc 2d 207, affd 32 AD2d 892). Respondent is, therefore, directed to forthwith amend the return of the income execution involved in this matter to state that said execution is, as yet, unsatisfied, relevy and re-serve the income execution, and collect additional sums due representing interest on the underlying judgment for the period from June 1, 1973 to and inclusive of April 4, 1977.
Such interest due and owing shall be computed at the statutory rate of 6% per annum from June 1, 1973 to April 4, 1977, as aforesaid, on the declining balance due, calculated from and after each periodic payment when received by the respondent Sheriff. No directive is made as to the Yates County Clerk, inasmuch as that official is not a party to this action.

. This amount consists of $1,711 (amount of claim); $8.85 (interest to time of entry of judgment) and $50.80 (costs and disbursements).