UNITED STATES of America, Plaintiff,

v.

Ellis M. JOHNSON, also known as Maynard Johnson, Defendant.

Civ. No. 77–4064.

United States District Court,
D. Idaho.

July 14, 1978.

M. Karl Shurtliff, U. S. Atty., Boise, Idaho, for plaintiff.

Mark B. Clark, Pocatello, Idaho, for defendant.

## MEMORANDUM

CALLISTER, District Judge.

The plaintiff and defendant having both filed motions for summary judgment and having agreed that the motions should be submitted upon the record, and the Court having reviewed the record and considered the briefs of the parties filed herein, and there appearing to be no dispute that judgment was obtained against the defendant by default in accordance with the prayer of the complaint and that the United States of America, through negotiation, agreed that if the defendant would pay $800.00 forthwith and $800.00 a year until the sum of $4,000.00 had been paid; that upon the payment of the $4,000.00 that the judgment would be satisfied; nor is there any dispute that the only sum paid by the defendant was $800.00 and that the remainder of the agreement was not complied with.

Defendant has argued that a novation occurred, but a review of the record and documents clearly establishes no intent to reduce the judgment to the amount of $4,000.00 but only an intent to satisfy the judgment if the $4,000.00 was paid in accordance with the terms of the agreement. Clearly no novation occurred.

The United States of America has never been affected by state statute of limitations as no state has the power or authority to limit the rights of the United States as far as its relationships with a citizen of the United States are concerned, whether it be in contract, tort, or criminal law.

The defendant has also relied upon 28 U.S.C. § 2415. This statute refers to two types of actions: contract actions and tort actions, and as held in the case of *United States v. Kellum,* 523 F.2d 1284 (5 Cir. 1975), that statute does not have any reference or limitation on actions on judgments and affords no comfort to the defendant.

It appears clear that defendant's motion for summary judgment must fail and that plaintiff is entitled to its motion for summary judgment in accordance with the prayer of the complaint. Counsel for the plaintiff may provide an appropriate judgment form for consideration of the Court.