749 F.2d 1020
 224 U.S.P.Q. 544
 DEVEX CORPORATION, Technograph, Inc., William C. McCoy,
Theodore A. TeGrothenhuis, Frederick B. Ziesenheim, Marjorie
TeGrotenhuis, William C. McCoy, Jr., and Katherine M.
Bassett, Plaintiffs-Appellants, Cross-Appellees,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee, Cross-Appellant.
 Nos. 83-1770, 83-1771, 83-1892, 84-5003, 84-5011, 84-5139
and 84-5141.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
on September 13, 1984.
Decided Nov. 28, 1984.
As Amended Dec. 5, 1984.
 
 Robert K. Payson, Potter, Anderson & Corroon, Wilmington, Del., Sidney Bender, Aaron Lewittes, Janine L. Bender, Leventritt, Lewittes & Bender, Garden City, N.Y., William H. Sudell, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiffs-appellants, cross-appellees.
 Arthur G. Connolly, Arthur G. Connolly, Jr., Connolly, Bove, Lodge & Hutz, Wilmington, Del., for defendant-appellee, cross-appellant; William A. Schuetz, Gen. Motors Corp., Detroit, Mich., George E. Frost, Barnes, Kisselle, Raisch, Choate, Whittemore & Hulbert, Birmingham, Mich., of counsel.
 Before GIBBONS, GARTH, and ROSENN, Circuit Judges.OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This appeal arising out of the final stages of a 28 year old lawsuit for patent infringement, involves questions pertaining to postjudgment interest and interest on costs. Defendant General Motors (GM) has been ordered to pay plaintiffs (collectively referred to hereafter as Devex) reasonable royalties in the amount of approximately $8.8 million, prejudgment interest in the amount of approximately $11 million, and approximately $7 million in postjudgment interest. Disputes remain over the rate at which postjudgment interest should have been assessed; whether plaintiffs should have been awarded interest on postjudgment interest; and whether plaintiffs should have been awarded interest on costs. We affirm.
 
 I. Litigation History
 
 2
 Plaintiffs are the owners and licensees of Re-issue Patent # 24,017 (the Devex or Hendricks patent), which covered a lubricating process used in the cold forming of automobile parts under pressure, and which expired in 1969.
 
 
 3
 The original complaint in this case was filed in 1956 in the Northern District of Illinois. That court held in 1962 that the Devex patent was invalid. The United States Court of Appeals for the Seventh Circuit reversed and remanded to the district court. Devex Corp. v. General Motors Corp., 321 F.2d 234 (7th Cir.1963), cert. denied, 375 U.S. 971, 84 S.Ct. 490, 11 L.Ed.2d 418 (7th Cir.1963). At that juncture, GM successfully moved to have the case transferred to Delaware. Devex Corp. v. General Motors Corp., 146 U.S.P.Q. 346 (N.D.Ill.1965).
 
 
 4
 After an unsuccessful motion for summary judgment by Devex, and the ensuing trial for patent infringement, the United States District Court for the District of Delaware ruled that General Motors had not infringed Devex's patent. 316 F.Supp. 1376 (D.Del.1970). Devex appealed to this court, which reversed. Devex Corp. v. General Motors Corp., 467 F.2d 257 (3d Cir.1972), cert. denied, 411 U.S. 973, 93 S.Ct. 2145, 36 L.Ed.2d 696 (1973).
 
 
 5
 The district court ruled on the damages issue in 1980, basing its decision partly on the report of the Special Master. Devex Corp. v. General Motors Corp., 494 F.Supp. 1369 (D.Del.1980). The court awarded Devex a judgment of $19,726,236.55, consisting of $8,813,945.40 in royalties and $10,912,291.15 in prejudgment interest.[1] Postjudgment interest and costs in an undetermined sum were also awarded. GM appealed this determination to this court which affirmed the holding of the district court. Devex Corp. v. General Motors Corp., 667 F.2d 347 (3d Cir.1981).
 
 
 6
 In response to petitions of GM and Devex, the Supreme Court granted a writ of certiorari to GM on the issue of the applicable standard for determining whether prejudgment interest should be awarded. The Court affirmed the award of prejudgment interest. General Motors Corp. v. Devex Corp., 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983).
 
 
 7
 While the parties were preparing for the Supreme Court case, the plaintiffs obtained an order from this court ordering GM to pay the amount of the uncontested part of the judgment, royalties in the sum of $8,813,945.40. GM paid this amount on July 7, 1982. After the Supreme Court's decision, in June 1983, GM paid $11,022,854.97, the amount of the prejudgment interest.
 
 
 8
 Two months later, the district court ruled that the rate of postjudgment interest would be 16% per annum. It ordered General Motors to pay the sum of $7,170,344.39 in postjudgment interest on the original $19 million judgment. Devex Corp. v. General Motors Corp., Civ. Action No. 3058 (D.Del. Sept. 9, 1983). GM contended, however, as it does now, that the correct rate of postjudgment interest was 6%, and paid plaintiffs only $2.2 million approximately; the remainder was paid into court pending the outcome of this appeal. The district court also awarded plaintiffs interest on their costs, but denied Devex's motion for "delay damages"--interest on the postjudgment interest.
 
 
 9
 GM appeals from the district court's ruling fixing the rate of postjudgment interest at 16% and from its award of interest on costs. Devex cross-appeals from the court's denial of its motion for interest on the postjudgment interest.
 
 II. The Rate of Postjudgment Interest
 
 10
 GM argues that the district court erred in awarding postjudgment interest at the rate of 16%. In determining the rate under state law pursuant to 28 U.S.C. Sec. 1961 (1976), the district court held that, under 6 Delaware Code Sec. 2301(a), the correct rate was 16%--5% over the Federal Reserve discount rate. Devex Corp. v. General Motors Corp., 569 F.Supp. at 1365-67.
 
 Section 2301(a) provides:
 
 11
 Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due, provided that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at that time.
 
 
 12
 Del.Code Ann. tit. 6, Sec. 2301(a) (Cum.Supp.1982) (emphasis added).
 
 
 13
 GM emphasizes that in the instant case the complaint was filed in 1956, and damages amounting to payment of a reasonable royalty were calculated as of that date. Devex Corp. v. General Motors Corp., 667 F.2d at 363-364. Therefore, according to GM, the time from which interest is due predates 1980, and the district court should have applied the legal rate as it was prior to 1980, which was 6%.[2]
 
 
 14
 In support of this contention, GM cites Delaware cases and federal diversity cases decided under Delaware law, which hold that, where damages are calculated as of a time before April 18, 1980, the prejudgment interest on those damages will be calculated at 6%, and that the postjudgment interest should be calculated at the same rate as the prejudgment interest. Pack & Process, Inc. v. Nabisco, Inc., Civ. 78-285, slip op. at 2-5 (D.Del. Sept. 18, 1984); Helmut A. Papendick v. Robert Bosch GmbH, 562 Civ.1977, letter op. at 3-5 (Del.Super.Ct. Aug. 4, 1981), affirmed No. 238, 1981 (Del. Aug. 4, 1981); Rollins Environmental Services, Inc. v. WSMW Industries, Inc., 426 A.2d 1363, 1367 (Del.Super.Ct.1980). The district court found these cases to be inapposite, because they involved prejudgment interest which had been calculated at 6% according to Delaware law, and reflected a policy of the Delaware courts that the same rate be applied to prejudgment and postjudgment interest, in order to avoid segmentation of interest. We agree with the district court that the cases cited by GM do not apply to the instant case where the prejudgment interest was determined according to federal law, 35 U.S.C. Sec. 284.[3]
 
 
 15
 28 U.S.C. Sec. 1961 provides only that postjudgment interest "shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." (Emphasis added.) We interpret this statute literally, and hold that the district court correctly borrowed from Delaware law only its current interest rate of 16%. But cf. Turner v. Japan Lines, Ltd., 702 F.2d 752, 757-58 (9th Cir.1983) (court applied previous state interest rate, according to Oregon precedents which held that a change in the rate of statutory interest did not apply to judgments entered before rate change).
 
 
 16
 This result best advances the policy underlying 28 U.S.C. Sec. 1961: compensation of the wronged party for loss of the use of money, in a changing economy where changes in the state statutory interest rate reflect changes in the value of the use of money.[4] We therefore hold that the district court did not err in its determination that the correct postjudgment interest rate was 16% per annum.
 
 III. Interest on Postjudgment Interest
 
 17
 We now turn to the questions of whether the plaintiffs should have been awarded "delay damages"--interest on postjudgment interest--and whether Delaware law or federal law applies to this determination. Both GM and the district court assumed that 28 U.S.C. Sec. 1961 (1976) mandated the application of state law on the issue of delay damages. We disagree.
 
 28 U.S.C. Sec. 1961 provides:
 
 18
 Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.
 
 
 19
 28 U.S.C. Sec. 1961 (1981) (amended 1982) (emphasis added).[5]
 
 
 20
 There is federal authority for the proposition that when a cause of action arises from a federal statute, the question of whether interest may be allowed, as distinguished from the rate, is governed solely by federal law. See Dependahl v. Falstaff Brewing Co., 653 F.2d 1208, 1219 (8th Cir.), cert. denied 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); Carpa v. Ward Foods, Inc., 567 F.2d 1316, 1321 (5th Cir.1978), overruled on other grounds, Copper Liquor v. Adolph Coors Brewing Co., 701 F.2d 542 (5th Cir. in banc 1983); Perkins v. Standard Oil of California, 487 F.2d 672, 675 (9th Cir.1973). But see United States v. Hannon, 728 F.2d 142, 146 (2d Cir.1984) (Newman, J., concurring). We therefore hold that federal law determines whether Devex should be allowed interest on the postjudgment interest awarded by the district court in 1980 and computed in 1983.
 
 
 21
 With respect to delay damages--or interest on interest--we note, as a preliminary matter, that under normal circumstances, the United States rule would have applied to GM's payments on the judgment it owed Devex.[6] Under that rule, GM's July 7, 1982, payment of $8,813,945.40 would have been applied first to the approximately $5 million of postjudgment interest which had accrued since October 6, 1980, on the $19,726,236.55 judgment, and second to the $19,726,236.55 judgment itself. The remainder of that judgment, approximately $16 million, would then have accrued about $2 million in interest until June 6, 1983, when GM made its second payment of $11,022,854.97. That payment would have been applied first to the accrued interest, and then to the principal, leaving a balance due Devex of more than $7 million. That balance would, in turn, have accrued interest until August 30, 1983, when GM complied with the district court's order and made its third payment of $7,170,344.
 
 
 22
 The United States rule provides, however, that payments are applied first to interest and then to principal, only "in the absence of a clearly expressed intention [by the parties] to handle allocation some other way." Nat G. Harrison Overseas Corp. v. American Barge Sun Coaster, 475 F.2d 504, 507 (5th Cir.1973). In the case at bar, the parties agreed, and the court ordered, that GM's first payment would be applied only to the royalty part of the judgment. Devex Corp. v. General Motors Corp., Civil Action No. 3058 (D.Del. July 8, 1982) (order directing clerk to enter satisfaction of the royalty part of the judgment). GM's second payment was applied to the prejudgment interest part of the judgment, rather than to the postjudgment interest which had accrued between July 7, 1982, and June 6, 1983, again pursuant to an agreement made by the parties and order of the court. Devex Corp. v. General Motors Corp., Civil Action No. 3058 (D.Del. June 7, 1983) (order directing clerk to enter satisfaction of the prejudgment interest portion of the judgment). Because it agreed to the allocation of these payments to principal rather than to interest, Devex is now precluded from the beneficial application of the United States rule.[7]
 
 
 23
 On appeal, Devex argues that it is entitled to interest on the postjudgment interest which accrued between July 7, 1982, and August 30, 1983. The district court refused to grant interest on the postjudgment interest, because Delaware law forbids the compounding of interest.[8]
 
 
 24
 Although we decide this issue under federal rather than state law, we agree with the district court that allowing interest on the postjudgment interest would amount to the compounding of interest, which "as a general rule, is not allowed to be computed on a debt." Cherokee Nation v. United States, 270 U.S. 476, 490, 46 S.Ct. 428, 433, 70 L.Ed. 694 (1926); see also Brooklyn Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 906 (1945).
 
 
 25
 In support of its contention that an award of interest on postjudgment interest would not constitute illegal compounding of interest, Devex cites cases in which a judgment granted interest on an amount resulting from an unsatisfied former judgment on which interest had accrued. See, e.g., United States v. Hannon, 728 F.2d at 145; Dorey v. Dorey, 609 F.2d 1128, 1133 (5th Cir.1980); Hellenic Lines Ltd. v. Gulf Oil Corp., 359 F.2d 403, 404 (2d Cir.1966). In the case at bar, however, the postjudgment interest cannot be considered an unsatisfied former judgment, because the amount of the judgment itself was in dispute until the Supreme Court decision in May 1983, and the rate of postjudgment interest was not fixed until August 1983.
 
 
 26
 National Bank of the Commonwealth v. Mechanics National Bank, 94 U.S. 437, 24 L.Ed. 176 (1876), is not to the contrary. In that case, the Court allowed interest on an aggregate amount of unpaid installments of interest. The Court found in that case that the original claims for interest had been approved by the Comptroller, and thus were the equivalent of a judgment. Id. at 439-40, 24 L.Ed. 176. In the case at bar, the rate of postjudgment interest was not determined finally until August 1983, and the amount of principal was not even determined until May 1983. Thus, the amount of postjudgment interest cannot be said to have been a liquidated amount equivalent to a judgment. Compare Royal Indemnity Co. v. United States, 313 U.S. 289, 295-96, 61 S.Ct. 995, 997-98, 85 L.Ed. 1361 (1941) (interest allowed on liquidated amount of unpaid interest); Martin v. The Star Publishing Co., 107 A.2d 795, 796-97 (Del.Super.1954), modified, 126 A.2d 238 (Del.1956) (interest allowed on delinquent installments of interest which constitute liquidated demands for payment wrongfully withheld).
 
 
 27
 Because we conclude that awarding interest on the postjudgment interest would amount to the compounding of interest, we hold that the district court did not err in denying Devex's claim for "delay damages."
 
 IV. Interest on Costs
 
 28
 GM contends that the district court erred in awarding interest on costs. It argues that the court should have followed the so-called "traditional rule" that interest is not to be awarded on costs. Devex Corp. v. General Motors Corp., (D.Del.1983). 577 F.Supp. 429 at 432-433. The various courts of appeals, however, have in recent years approved awards of interests on costs under section 1961 in a variety of situations. R.W.T. v. Dalton, 712 F.2d 1225, 1234-35 (8th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); Copper Liquor, Inc. v. Adolph Coors Brewing Co., 701 F.2d at 543-45.[9] GM argues that these were public interest, quasi-public interest, or private attorney general cases, and therefore are distinguishable. The rationale behind the modern trend toward awarding interest on costs is unrelated to the type of case involved. It developed instead from an awareness of the rising cost of money and of escalating and enormous costs in complex litigation. In this case, the agreed costs amount to $161,960.07. As the Fifth Circuit noted in Copper Liquor:
 
 
 29
 The historical rule that costs do not bear interest, like many court rules, antedates the modern practice of applying economic and business principles to judicial administration.... It developed at a time when interest rates were not so high nor costs so large as both now are, and when, therefore, the net effect of disallowance was smaller.
 
 
 30
 Copper Liquor, Inc. v. Adolph Coors Brewing Co., 701 F.2d at 544.
 
 
 31
 We agree with the Fifth Circuit that allowing interest on costs better serves the purpose of awarding this expense to the prevailing party by more nearly compensating it for the litigation expenses. Id. Therefore, we conclude that the district court did not err in awarding Devex interest on costs.
 
 V. Conclusion
 
 32
 We hold that the district court did not err in determining the rate of postjudgment interest to be 16%, in denying Devex interest in postjudgment interest, and in awarding plaintiffs interest on costs. Accordingly, the judgment of the district court will be affirmed. Each side to bear its own costs.
 
 GIBBONS, Circuit Judge, dissenting:
 
 33
 I concur in the opinion of the Court insofar as it affirms the district court's award of postjudgment interest and the award of interest on costs. I would reverse, however, the district court's holding that Devex is not entitled to collect interest on the delinquent postjudgment and prejudgment interest payments.
 
 
 34
 The United States rule, under which payments are applied first to accrued interest and then to principal, should govern this case unless the parties have "clearly expressed [an] intention to handle allocation in some other way." Nat G. Harrison Overseas Corp. v. American Barge Sun Coaster, 475 F.2d 504, 507 (5th Cir.1973). The majority infers such an agreement from two court orders. That inference is not supportable.
 
 
 35
 The majority's position overextends the holding of Harrison Overseas. In Harrison Overseas, the fifth circuit held that the United States rule did not apply to a judgment on a note that clearly stated that each payment would constitute 1/71 of the principal due, and 1/71 of the interest due.[1] Id. The parties in Harrison Overseas clearly intended payments to be applied ratably to interest and principal. No such clear intention to avoid the United States rule is evidenced here.
 
 
 36
 The majority's conclusion that the parties did not intend the United States rule to apply is based on two district court orders. On July 8, 1982, before the postjudgment or prejudgment interest had been paid, the district court directed the clerk to enter satisfaction of the royalty portion of the judgment. On June 7, 1983, before the postjudgment interest had been paid, the district court directed the clerk to enter satisfaction of the prejudgment interest portion of the judgment.
 
 
 37
 These orders do not evidence the kind of "clearly expressed intention" to deviate from the United States rule that was apparent in Harrison Overseas. A court order, even if obtained by motion of the parties, is fundamentally different from a freely negotiated contract. Even if these orders could be viewed as an agreement between the parties, there is no evidence that the parties or the court considered the possibility that the orders would later have an effect on interest payments. In July 1982, when Devex moved for an order directing General Motors to pay the reasonable royalty portion of the judgment, the prejudgment interest portion of the judgment was on appeal to the Supreme Court, and the district court had not yet determined the postjudgment interest rate. Since the royalty award was the only uncontested part of the judgment at that point, it was the only part that Devex could collect immediately. The plaintiffs were concerned only with collecting the royalty judgment without undue delay. See, Transcript of July 2, 1982 at 14. The district court gave no indication of an intention that this order relieve General Motors of future interest payments. In fact, the court indicated an intent to require General Motors to pay the judgment immediately so that the plaintiffs, and not General Motors, would have the benefit of the use of the money while the remainder of the judgment awaited appeal. Tr. at 6. Thus neither the parties nor the court evidenced a clear intention to avoid application of the United States rule to the payments by General Motors on the judgment owed to Devex.
 
 
 38
 Finally, strong policy concerns militate against extending the Harrison Overseas exception to the circumstances of this case. The majority's holding allows General Motors to delay payment of long-overdue interest with impunity. If no interest is assessed, General Motors simply has no incentive to pay the judgments promptly. This appeal has allowed General Motors to enjoy a further interest-free delay, during which time plaintiffs are not being compensated for the lost time-value of money due under the judgment in their favor. By allowing General Motors the interest-free use of delinquent payments, the court is depleting plaintiffs' real recovery as surely as if it had simply reduced the amount of their award. It is, moreover, rewarding General Motors for resorting to this court on several occasions in the interest of delay.
 
 
 
 [1]
 General Motors, in fact, paid $11,022,854.97 in prejudgment interest pursuant to the court's order of an additional $3,071.22 for each day after August 31, 1980, up to and including the date of entry of judgment. Devex Corp. v. General Motors Corp., 569 F.Supp. 1354, 1365 n. 1 (D.Del.1983)
 
 
 [2]
 Del.Code Ann. tit. 6, Sec. 2301(a) (1974) provided that "[t]he legal rate of interest for the loan or use of money ... shall be 6 percent per annum...." The statute was amended to its current form effective April 18, 1980
 
 
 [3]
 35 U.S.C. Sec. 284 (1982) provides for prejudgment interest in patent cases: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty ... together with interest and costs as fixed by the court." The Supreme Court held in General Motors v. Devex, 103 S.Ct. at 2062, that the purpose of the statute was to afford patent owners "complete compensation."
 
 
 [4]
 See generally Note, Interest on Judgments in the Federal Courts, 64 Yale L.J. 1019 (1955), and cases cited therein
 
 
 [5]
 The current version of 28 U.S.C. Sec. 1961 provides that postjudgment interest shall be calculated at a rate equal to the coupon issue yield equivalent of the average auction price for the last auction of fifty-two week United States treasury bills. Section 1961(b) provides that postjudgment interest be compounded annually. 28 U.S.C. Sec. 1961 (1982)
 
 
 [6]
 The United States rule, which provides that payments be applied first to accrued interest and then to principal, has been followed by the federal courts for almost a century and a half. See, e.g., Story v. Livingston, 38 U.S. (13 Pet.) 359, 371, 10 L.Ed. 200 (1839); Whiteside v. Washington Loan & Trust Co., 95 F.2d 83, 87 (D.C.Cir.1937); Gamble v. Wimberly, 44 F.2d 329, 331 (4th Cir.1930); Ohio Savings Bank & Trust Co. v. Willys Corp., 8 F.2d 463, 466-68 (2d Cir.1925); Torosian v. National Capital Bank of Washington, 411 F.Supp. 167, 172-75 (D.D.C.1976)
 
 
 [7]
 The dissent asserts that the orders do not evidence the kind of clearly expressed intention to deviate from the United States rule that was evident in Harrison Overseas. Dissenting opinion at 1027. However, the plaintiffs did sign the consent orders directing the clerk to enter satisfaction of the royalty part of the judgment and the prejudgment interest part of the judgment, thus expressing a clear intention that the sums paid by General Motors be credited to the principal sums owed, and not to the postjudgment interest which had accrued thereon. Furthermore, the application of the United States rule was never raised or briefed by the plaintiffs
 The dissent notes that the district court had not yet determined the rate of postjudgment interest as of the time the consent orders were signed. Dissenting opinion at 1027. In fact, the district court's original order provided for postjudgment interest at the rate allowed by state law. Devex Corp. v. General Motors Corp., Civil Action No. 3058 (D.Del. Oct. 6, 1980) (final judgment ordering payment of prejudgment interest, damages, postjudgment interest, and costs). Thus, instead of agreeing to the terms of the consent order entered by the district court, the plaintiffs could have asked that General Motors' payments be applied to this amount.
 The dissent also presupposes that General Motors' appeals were primarily for delay. Dissenting opinion at 1027. The issues raised on appeal by General Motors regarding pre- and postjudgment interest were genuine and not dilatory, and there is no reason to punish General Motors for raising them.
 
 
 [8]
 The district court also denied interest on postjudgment interest on the ground that "as of this time, the Court has not ordered the payment of postjudgment interest." Devex Corp. v. General Motors Corp., 569 F.Supp. at 1368. The court apparently overlooked its final judgment dated October 6, 1980, ordering postjudgment interest at the rate allowed by state law. Devex Corp. v. General Motors Corp., Civil Action No. 3058 (D.Del. Oct. 6, 1980) (final judgment ordering payment of prejudgment interest, damages, postjudgment interest, and costs)
 
 
 [9]
 Other circuits have also approved awards of interest on costs in: Mt. Hood Stages, Inc. v. Greyhound Corp., 616 F.2d 394 (9th Cir.), cert. denied, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980); City of Detroit v. Grinnell, 575 F.2d 1009 (2d Cir.1977); Harris v. Chicago & Great Western Railroad, 197 F.2d 829 (7th Cir.1952)
 
 
 [1]
 The agreement in Harrison Overseas provided that the total interest due was "payable with each installment of principal, payable in seventy-one (71) equal monthly installments...." 475 F.2d at 506 n. 4